## Fox v. Fox

*Murray B. Frazee, Jr.*, for plaintiff.

MACPHAIL, P. J., January 22, 1968. — Plaintiff seeks a divorce on the grounds of indignities to the person.

The complaint states in paragraph 1 that plaintiff's "precise residence" is P.O. Box 95, North Fond-du-lac, Wisconsin, 54935. We are of the opinion that a post office box is not a "precise residence". One may obtain a post office box anywhere in the United States without establishing a residence anywhere near that post office. Pennsylvania Rule of Civil Procedure 1126 (2) requires that a complaint in divorce specify the "residence" of plaintiff. We think the complaint here is defective in this respect.

In paragraph 3, plaintiff alleges that defendant "has resided continuously in the Commonwealth of Pennsylvania from about November 9, 1959 . . ." Pa. R. C. P. 1126(4) requires that a complaint in divorce shall set forth "the lengths of time the plaintiff and defendant have severally resided in the Commonwealth". The complaint before us says only that defendant has resided within the Commonwealth "from" a specific date. In our opinion this does not conform with Pa. R. C. P. 1126(4), supra, because it does not specify the "length of time". The word "continuously" doesn't remedy the problem, unless it specifies to what date the residence has been continuous.

A decree of divorce must be based on a complaint which complies strictly with the Pennsylvania Rules of Civil Procedure: White v. White, 9 Adams 142, (1967); Keitler v. Keiter, 16 Cumb. 103 (1965).

One of the witnesses who testified for plaintiff was the husband of a woman plaintiff alleges is now living with plaintiff's husband. This witness was called for the express purpose of testifying to the alleged adulterous relationship between his wife and defendant. The witness was clearly incompetent to testify in this regard. "The rule which excludes husband and wife from testifying against each other prevents one from giving any testimony which may be the basis of indictment of the other, and therefore the one cannot testify to facts tending to show the adultery of the other in any proceeding, even though not an indictment for that offense and though the other is not a party to the proceeding": 2 Henry Pa. Evid. 4th Ed. §781. See also Cornelius v. Hambay, 150 Pa. 359 (1892). However, the witness' testimony here was of a corroborative nature only and we are satisfied that plaintiff's testimony on this aspect of her case was sufficient in and of itself without corroboration.

Accordingly, we rule that the testimony of the witness must be excluded but hold that plaintiff's testimony alone is sufficient to sustain the allegations in her complaint.

We are of the opinion that the defects in the complaint hereinbefore mentioned are amendable and that defendant, who did not contest this action, will not be prejudiced thereby.

### ORDER

And now, January 22, 1968, the recommendation of the master in the above case is accepted, and a decree in divorce will be entered upon the filing by plaintiff of an amended complaint complying with the Pennsylvania Rules of Civil Procedure as herein indicated, leave for the filing of which is hereby granted.