Jerry Fallings, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 26, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James R. Rosato, Jr.*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, January 7, 1986:

Jerry Fallings (Petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) recommitting him as a technical parole violator to serve eighteen (18) months backtime.

Petitioner was convicted on two counts of unlawful delivery of a controlled substance and sentenced to a term of two (2) to ten (10) years. On October 2, 1983, Petitioner was released on parole. On August 17, 1984, the Board, in response to requests from the Dauphin County District Attorney's Office and the Harrisburg Police Department, imposed the following special condition 6 on Petitioner's parole: ''Do not associate with Jonathon Blackstone. In addition, you are not to engage in any type of conduct toward Mr. Blackstone that threatens his personal safety or well-being.''[1] Subsequently, Blackstone alleged that Petitioner threatened him and used offensive language when they encountered each other on the street on September 1, 1984. As a result of this incident, Blackstone notified Petitioner's parole officer of the violation, resulting in Petitioner's detainment on a parole violation warrant. A preliminary hearing, held on September 14, 1984, established probable cause to hold Petitioner for a violation hearing. The preliminary hearing examiner based his decision on Blackstone's affidavit, to which defense counsel objected as hearsay.

---

[1] This condition was imposed because Blackstone was a prosecution witness in the trial of Petitioner's son for murder.

At the violation hearing on October 12, 1984, Petitioner, Petitioner's parole agent, Blackstone, and three defense witnesses testified. The hearing examiner recommended recommitment based on a preponderance of the evidence presented. On November 26, 1984, the Board issued an order recommitting Petitioner for violation of condition 5C. This order was subsequently modified by the Board, upon Petitioner's request for administrative review, to correct a typographical error to indicate a violation of special condition 6, upon which the original charge had been filed.

Petitioner alleges two errors on this appeal: that Petitioner was denied due process at his *preliminary* hearing because hearsay evidence, submitted over defense counsel's objection, was the sole basis of the hearing examiner's recommendation to hold Petitioner for a violation hearing; and that the evidence presented to the Board at the violation hearing was insufficient to prove by a preponderance of the evidence that Petitioner violated special condition 6.

This Court's scope of review of a recommitment order of the Board is limited to determining whether necessary findings are supported by substantial evidence, whether the Board committed an error of law, and whether the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Coades v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole,* 84 Pa. Commonwealth Ct. 484, 480 A.2d 1298 (1984).

Petitioner asserts that he was denied due process because hearsay evidence was admitted over objection at his preliminary hearing without good cause. Petitioner relies upon 37 Pa. Code §71.2(16) which states:

(16) The representatives of the Board who are familiar with the facts which constitute the alleged violation will be present to testify as

shall any persons upon whose testimony the alleged violations are based, unless the Board or its designated Examiner has specifically found good grounds for not allowing confrontation.

Reliance on this section, however, is misplaced. Section 71.2(16) governs the procedure to be used at *violation* hearings, not preliminary hearings. The procedures for preliminary hearings are set forth separately from those pertaining to violation hearings, and are found at 37 Pa. Code §§71.2(1)-(10).

Section 71.2(1)(v) states that the parolee shall be notified:

That *on his request,* persons who have given adverse information on which the parole revocation is to be based will be made available for questioning in his presence, unless the hearing officer specifically finds good cause for not allowing confrontation. (Emphasis added.)

Absent a request to question an adverse witness in person at a preliminary hearing, a parolee cannot later object to affidavit testimony presented at that hearing. Section 71.2(6) supports this reasoning. That section states:

Representatives of the Board, who are familiar with the facts which constitute the alleged violation, will be present to testify as shall, *upon request of the parolee,* any persons upon whose testimony the alleged violations are based. (Emphasis added.)

The Board sent Petitioner a Notice of Charges and Hearing advising him of Blackstone's allegations and, on its reverse side, outlining the procedures he was to follow if he desired to have adverse parties available for questioning at the preliminary hearing.[2]

---

[2] The pertinent provision stated: "Upon your request, prior to the hearing, persons who have given adverse information on which

Petitioner failed to request that Blackstone be present at the preliminary hearing, therefore no finding of good cause was necessary in order to use Blackstone's affidavit.

We also note that a preliminary hearing in a parole violation setting is held strictly for the purpose of determining whether there is probable cause to believe the parolee has committed a parole violation, and if so, to hold him or her for a full violation hearing. *See* 37 Pa. Code §71.2(1)(vi). The use of an affidavit at a *preliminary* hearing is permissible when the parolee has not requested the presence of that witness. Because Blackstone actually testified at Petitioner's violation hearing, we find Petitioner's assertion that he was denied due process to be without merit.

In support of his second argument, that the evidence is insufficient to prove a violation of condition 6, Petitioner asserts that any inconsistencies in his witnesses' testimony, were trivial and irrelevant, and that the testimony should have been accepted as credible. He further argues that even if he had engaged in the alleged misconduct, it was insufficient grounds to find that he had threatened the personal safety or well-being of Blackstone.

Our review of the whole record, however, compels the conclusion that substantial evidence supports the Board's findings. The testimony of Blackstone supports the finding that Petitioner violated special condition 6. We see no reason to disturb that finding.

The fact that there is conflicting evidence in the record does not mean that the Board's findings are to be disturbed on appeal. *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth

---

the parole revocation would be based will be made available for questioning (unless the Hearing Examiner specifically finds good cause for not allowing confrontation)."

Ct. 49, 484 A.2d 413 (1984); *Kells v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977). Any questions involving conflicting evidence or credibility of witnesses are properly within the Board's discretion as fact-finder. In reviewing the inconsistencies in the witnesses' testimony, we cannot say that the Board abused its discretion in finding Blackstone's testimony more persuasive than that of the defense witnesses. Further, the inconsistencies were not trivial, as Petitioner contends. The testimony of Petitioner's witnesses failed to account consistently for Petitioner's conduct at the time of his alleged encounter with Blackstone. We are satisfied that the record adequately supports the Board's resolution of any conflicts in testimony.

Petitioner argues that, even assuming the meeting had occurred between the parties, the conduct was insufficient to violate special condition 6. We disagree. That condition plainly forbids *any* association with Blackstone, not just conduct threatening the personal safety and well-being of Blackstone. The Board's conclusion that Petitioner violated special condition 6 is therefore correct.

Accordingly, we affirm the Board's order recommitting Petitioner for a period of 18 months backtime as a technical parole violator.

ORDER

AND Now, January 7, 1986, the order of the Pennsylvania Board of Probation and Parole at Parole No. 9824-G, dated January 26, 1985, is hereby affirmed.