510 A.2d 877

Emerson McCauley, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 29, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, June 6, 1986:

This is an appeal by Emerson McCauley, Petitioner, who appeals here an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board parole revocation order. That revocation order revoked his parole and recommitted him to prison to serve eighteen months as a technical parole violator. We affirm.

The following facts are pertinent. McCauley was originally sentenced to a term of two and one-half to seven years following his conviction in Centre County Common Pleas Court for the offenses of Unauthorized

Use of an Automobile,[1] Theft,[2] and Receiving Stolen Property.[3] That sentence carried a minimum term expiration date of January 3, 1982 and an original maximum term expiration date of July 10, 1986. The Board granted him parole on that sentence and he was released from the State Correctional Institution at Camp Hill (SCI-Camp Hill) on January 4, 1982. He was subsequently recommitted as a technical parole violator and he was re-paroled by the Board effective February 15, 1984 at which time he was again released from SCI-Camp Hill.

In April, 1985, after having no contact with McCauley for over a month, and learning that he had not been attending marriage counseling as required by a special condition of parole,[4] McCauley's parole agent recommended that he be declared delinquent and the Board took action to declare him delinquent on parole, effective March 18, 1985. McCauley was arrested on May 13, 1985 and charged with violating conditions 2,[5]

---

[1] 18 Pa. C. S. §3928.

[2] 18 Pa. C. S. §3921.

[3] 18 Pa. C. S. §3925.

[4] On October 30, 1984, the Board allowed McCauley to remain on parole despite his conviction of Criminal Mischief (18 Pa. C. S. §3304) on October 15, 1984 in Centre County Common Pleas Court for which he was sentenced to seventy-three to one hundred eighty days to be served in the Centre County Prison. This sentence amounted to a time-served sentence and as a condition of allowing him to be continued on parole, the Board imposed several special conditions of parole upon McCauley which required that he attend marriage counseling; drug and alcohol abuse therapy; and notify the Williamsport District Office on a weekly basis as to his employment status.

[5] 37 Pa. Code §63.4(2). This condition of parole requires that parolees "live at the address approved by the Board and do not change residence without the written permission of the parole supervision staff."

3A,[6] and 4[7] of his parole. A parole violation hearing was held at Centre County Prison on July 9, 1985 before a Board hearing examiner. On September 16, 1985, the Board ordered McCauley's parole revoked and ordered him recommitted as a technical parole violator to serve eighteen months on backtime for violating conditions 2, 3A, and 4 of his parole.[8] The Board also extended the maximum term expiration date of his Centre County sentence to September 5, 1986 to take into account the time he was delinquent on parole. He petitioned for administrative relief from that order pursuant to 37 Pa. Code §71.5(h). The Board denied his administrative appeal on October 2, 1985 and this appeal followed.

In this appeal, McCauley contends that there is not substantial evidence to support the Board's finding that he violated conditions 2 and 3A of his parole. Of course, our scope of review of a Board parole revocation order is limited to determining whether necessary findings are supported by substantial evidence, an error of law com-

---

[6] 37 Pa. Code §63.4(3)(i). This condition of parole requires that parolees maintain regular contact with the parole supervision staff by "reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff." Here, McCauley was instructed to report, either personally or by telephone, to the Williamsport District Office once a month.

[7] 37 Pa. Code §63.4(4). This condition of parole requires that parolees "comply with all municipal, county, State and Federal laws, as well as the Vehicle Code and the Liquor Code (47 P.S. §§1-101 — 9-902)."

[8] At the time of his arrest on May 13, 1985, McCauley had only one year, three months, and twenty-two days remaining on his unexpired term. Therefore, although the Board's revocation order specified that he was to serve eighteen months on backtime, the Board could only require that he serve the remaining balance of his unexpired sentence since the Board does not have the power to alter a judicially-imposed sentence. *See Gundy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984).

mitted, or whether any of the parolee's constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984). We are also aware that the Board must bear the burden of proving technical parole violations by a preponderence of the evidence. 37 Pa. Code §71.2(20); *Hossback v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 344, 471 A.2d 186 (1984).

We shall first address McCauley's contention that the Board's finding that he violated condition 2 of his parole is not supported by substantial evidence. We have previously defined "substantial evidence" to be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, requiring something more than a scintilla creating a mere suspicion of the existence of the fact to be established. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 54, 484 A.2d 413, 416 (1984). The Board contended that McCauley violated condition 2 of his parole by moving from his approved residence without the written permission of the parole supervision staff. *See* 37 Pa. Code §63.4(2). In support of this charge, the parole agent introduced the testimony of Pennsylvania State Police Trooper Miles Houseknecht. Trooper Houseknecht testified that he had personally visited McCauley's approved residence on several occasions, making a preliminary search of the residence, and McCauley and his personal effects were not to be found. In addition, Trooper Houseknecht testified that following his arrest of McCauley, he interrogated him at the State College State Police barracks where he testified that McCauley told him that he had been living at an address in Wilkes-Barre. While McCauley testified in his own behalf and contradicted

the admission he allegedly made to Trooper House-knecht, that does not deprive the Board's finding of substantial evidentiary support. *See Chapman,* 86 Pa. Commonwealth Ct. at 54-55, 484 A.2d at 416; *see also Kells v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977). Also, we have previously held that issues of resolving conflicts in the evidence, witness credibility, and evidentiary weight are properly within the exclusive discretion of the Board, as the ultimate fact-finder, and are not matters for a reviewing court. *Fallings v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 77, 82, 502 A.2d 787, 790 (1986); *see also Department of Transportation v. Cumberland Construction Co.,* 90 Pa. Commonwealth Ct. 273, 282-283, 494 A.2d 520, 525 (1985). Therefore, the Board could properly attach greater credibility and weight to Trooper Houseknecht's testimony and that testimony, if believed, constitutes substantial evidence to support the Board's finding that McCauley violated condition 2 of his parole by changing his residence without the written permission of the parole supervision staff.

McCauley's argument that the Board offered no proof that he gave up his post office box is equally unpersuasive in that a post office box is simply a mailing address, not a residence. The term "residence" has been defined to be the dwelling place, abode, or habitation of a single person or a family. *See Loudenslager Will,* 430 Pa. 33, 240 A.2d 477 (1968). The fact that McCauley may or may not have given up his post office box is of no importance as an individual cannot dwell in or inhabit a post office box. *Cf. Fox v. Fox,* 44 Pa. D. & C. 2d 273 (C.P. Adams 1968) (a post office box is not a "residence" within the meaning of the Pennsylvania Rule of Civil Procedure requiring that divorce complaints specify the "residence" of the plaintiff). Accordingly, the term

"residence" as used in 37 Pa. Code §53.4(2) means the actual dwelling place or habitation of the parolee, not a post office box mailing address, which may be a considerable distance from the parolee's actual dwelling.

We now turn to McCauley's contention that the Board's finding that he violated condition 3A of his parole by failing to maintain regular contact with the parole supervision staff is not supported by substantial evidence. *See* 37 Pa. Code §63.4(3)(i). The evidence cited by the Board in support of this finding consists of the testimony of Parole Agent Martin Panik. Agent Panik testified that McCauley was to report in person or by telephone once a month to the Williamsport District Office and that the last date on which McCauley reported prior to his arrest was on March 5, 1985 when his wife called the district office. In accordance with an understanding with the parole office, the office would accept telephone calls from McCauley's wife as satisfying the condition that he call the district office on a monthly basis. Agent Panik further testified that while McCauley was not required to speak to him personally, he searched the telephone logs and contact sheets maintained by the Williamsport District Office and they showed no contact with McCauley since the March 5, 1985 telephone contact by his wife. This testimony was uncontradicted by McCauley who testified that he was not sure whether his wife called the parole office for him since March 5, 1985. We are satisfied that this testimony constitutes substantial evidence to support the Board's finding that he violated condition 3A of his parole by failing to maintain regular contact with the parole supervision staff.

Having found that the Board's findings are supported by substantial evidence, we must affirm the Board's order.

ORDER

NOW, June 6, 1986, the order of the Pennsylvania Board of Probation and Parole at Parole No. 505-P, dated October 2, 1985, which denied administrative relief to Emerson McCauley, is hereby affirmed.