**WYOMING DEPARTMENT OF REVENUE, Appellant (Petitioner),**

v.

**Melvin C. CALHOUN, Appellee (Respondent).**

**Wyoming Department of Revenue, Appellant (Petitioner),**

v.

**Melvin C. Calhoun, Appellee (Respondent).**

Nos. 98–21, 98–22.

Supreme Court of Wyoming.

May 26, 1999.

William U. Hill, Attorney General; Vicci M. Colgan, Senior Assistant Attorney General; and Linda M. Kolpitcke, Assistant Attorney General, Cheyenne, Wyoming, Representing Appellee.

John C. Schumacher, Sara R. Robinson and Valerie Hafner Thomas of the Law Office of John Schumacher, Fort Washakie, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

The Wyoming Department of Revenue appeals the order of the Wyoming State Board of Equalization (the Board ) awarding Melvin C. Calhoun a refund of the use tax he paid when registering his new pickup truck in 1993. Finding that Calhoun was a Native American resident of the Wind River Indian Reservation, and that the use of the vehicle was primarily on the reservation, the Board concluded that federal law prohibited the Department of Revenue's assessment of the use tax. The Board's findings of basic fact are unsupported by substantial evidence, and, therefore, we reverse.

* Retired November 2, 1998.

# I. ISSUES

As appellant, the Wyoming Department of Revenue (the Department) presents the following issues for review:

I. Whether the Board's finding that Appellee Calhoun was entitled to a use tax refund is supported by substantial evidence.

II. Whether the Wyoming State Board of Equalization's holding that tribal members who reside on the Wind River Reservation are never subject to Wyoming sales or use tax is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

Appellee, Melvin C. Calhoun (Calhoun), phrases the issues as follows:

I. Whether the State of Wyoming has authority to tax an out-of-state purchase of a motor vehicle to an enrolled Tribal member who resides on the Wind River Reservation and uses the vehicle for on-reservation activities.

II. Whether refund of an illegal tax is barred by any statute of limitations.

# II. FACTS

In April 1993, Calhoun bought a new pickup truck in Salt Lake City, Utah. In May, Calhoun registered the truck in Fremont County, Wyoming. Since Calhoun had no documentation that he had paid sales tax in Utah, he was assessed the $656.67 use tax authorized by Wyo. Stat. Ann. § 39–6–504 (Michie Repl.1994). On the registration form, Calhoun stated his address was a post office box in Crowheart, Wyoming.

In October 1995, Calhoun sent the Department a request for a refund of the tax. The Department refused, notifying Calhoun that a refund was precluded because more than eighteen months had passed since payment of the tax. Calhoun then wrote a letter to the Board contesting the Department's decision. The letter provided the same post office box listed on the registration form, and included a telephone number in the Crowheart exchange, as well as a tribal identifica-

tion number. The full text of the letter is as follows:

> I'm writing this letter of appeals for the folling [sic] reasons.
>
> 1. When the court rulled [sic] that tribal members don't have to pay county tax it should have included sales tax also.
>
> 2. The court ruled that tribal members do not have to pay sales tax so it should be retroactive to coinside [sic] with not paying county tax.
>
> 3. I never *erroneously* paid the sales tax. I paid under protest.
>
> 4. I feel that I should get back the $656.67 sales tax since it should never [have been] collected.

(Emphasis in original.)

Although Calhoun was directed to file a brief with the Board by December 9, 1996, no brief was forthcoming. Instead, on December 16, 1996, Calhoun sent a letter to the Department which stated that he was "an enrolled Indian living on the Wind River Reservation" and should, therefore, be entitled to have the tax refunded. The Department forwarded the letter to the Board, and filed a timely response brief.

On October 15, 1997, the Board issued its order, which found as fact that " Petitioner is an enrolled member of the Eastern Shoshone Indian Tribe * * * residing on the Wind River Indian Reservation in the Crowheart, Wyoming area." The Board also included material factual findings in its legal conclusions:

> Based on the many United States Supreme Court decisions we conclude neither the State of Wyoming, nor any [of] its political subdivisions, have the authority to levy a motor vehicle tax on a vehicle owned by an enrolled tribal member residing on the Wind River Reservation *where the vehicle is primarily housed on reservation lands*.

(Emphasis added.) The Board concluded:

> Petitioner has, by the facts presented in his letter of appeal dated November 20, 1995, presented a preponderance of evidence to show this sales/use tax was illegally assessed and should not have been collected. The evidence overwhelmingly indicates it was an illegal tax collection. Petitioner has thus met the burden of persuasion required by Board rules.

The Board's order directed the Department to refund the tax payment. The Department then filed a petition for review with two district courts, both of which certified the matter pursuant to

## III. STANDARD OF REVIEW

■ General appellate standards used by a reviewing court of the first instance are applicable to cases certified to us pursuant to W.R.A.P. 12.09. *U S West Communications, Inc. v. Wyoming Public Service Com'n,* 958 P.2d 376, 380 (Wyo.1998). The scope of review is defined in Wyo. Stat. Ann. § 16–3–114(c) (Michie 1997):

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> > (i) Compel agency action unlawfully withheld or unreasonably delayed; and
> >
> > (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
> >
> > * * *
> >
> > (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

■ The party challenging the sufficiency of the evidence has the burden of demonstrating that the agency's decision is not supported by substantial evidence. *Laramie County Bd. of Equalization v. Wyoming State Bd. of Equalization,* 915 P.2d 1184, 1188 (Wyo.1996) (*quoting Butts v. Wyoming State Board of Architects,* 911 P.2d 1062, 1065 (Wyo.1996)). We examine the entire record to determine if there is substantial evidence to support an agency's findings. If

the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency, and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. It is more than a scintilla of evidence. *Laramie County Bd. of Equalization*, 915 P.2d at 1189 (*quoting State ex rel. Wyoming Workers' Compensation Div. v. White*, 837 P.2d 1095, 1098 (Wyo.1992) and *Trout v. Wyoming Oil & Gas Conservation Com'n*, 721 P.2d 1047, 1050 (Wyo.1986)).

## IV. DISCUSSION

▮ The Department argues that the Board relied on irrelevant facts and on facts not in the record to conclude that Calhoun was entitled to a tax refund. We must agree. Wyo. Stat. Ann. § 39–6–504 states, in relevant part:

(a) Except as otherwise provided, there is levied and shall be paid by the purchaser an excise tax of three percent (3%) upon sales in Wyoming. * * *

(b) Persons storing, using or consuming tangible personal property are liable for the tax imposed by this article. * * *

(c) Tangible personal property sold by any person for delivery in this state is deemed sold for storage, use or consumption herein and is subject to the tax imposed by this article * * *.

The legislature intended that the use tax be complementary to the sales tax. *Exxon Corp. v. Wyoming State Bd. of Equalization*, 783 P.2d 685, 688 (Wyo.1989), *cert. denied* 495 U.S. 910, 110 S.Ct. 1937, 109 L.Ed.2d 300 (1990). The purpose of the statute is to put property bought outside the state, for which no sales tax has been paid, on an equal footing with property purchased within the state that is subject to tax. *Id.*

---

1. The Department rules, in effect at the time Calhoun first registered the pickup, stated:

Section 3. Transactions Subject to Tax. The purchase or lease of all tangible personal property outside this state for first use, storage or consumption within this state, is subject to use tax, providing the same transaction would be subject to sales tax if the transaction had occurred wholly within the State of Wyoming.

▮ Whether tangible personal property is intended for "delivery in this state" is encompassed by the term "first use." "For purposes of the use tax, a first use by the new purchaser occurring in Wyoming creates the taxable event." *Barcon, Inc. v. Wyoming State Bd. of Equalization*, 845 P.2d 373, 382 (Wyo.1992). Thus, the pivotal question is where the first use occurs. *Burlington Northern R. Co. v. Wyoming State Bd. of Equalization*, 820 P.2d 993, 995 (Wyo.1991).[1] The Department asserts that no evidence was presented which would establish that Calhoun's first use of the truck was not in Wyoming so as to make it not subject to the tax.

▮ The Board, on the other hand, relied on Wyo. Stat. Ann. § 39–6–505 (Michie Cum. Supp.1995), which provides in relevant part:

(a) The following purchases or leases are exempt from the excise tax imposed by this article:

(i) For the purpose of exempting sales of services and tangible personal property which are protected by the United States constitution and the Wyoming constitution, the following are exempt:

(A) Purchases which the state of Wyoming is prohibited from taxing under the laws or constitutions of the United States or Wyoming.

The Board determined that federal law precluded the assessment of the use tax upon Calhoun because he was an enrolled member of the Eastern Shoshone Indian Tribe living on the Wind River Indian Reservation, and that the pickup truck in question was used primarily on the reservation. The primary use of the truck in 1995, however, does not address the "first use" of the property in 1993.

---

* * *

Section 8. Place of First Use. When tangible personal property is purchased in another state and is brought into Wyoming for use, the burden is upon the purchaser to show that there was a bona fide first use of the property outside the State of Wyoming.

Wyoming Department of Revenue Rules, ch. IV (1991).

The use tax is a one-time event. The fact that Calhoun stated he was an enrolled tribal member residing on the Wind River Indian Reservation in 1995 is not probative of his residence in 1993, or the location of the first use of the pickup truck. "Absent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State." *Mescalero Apache Tribe v. Jones*, 411 U.S. 145, 148–49, 93 S.Ct. 1267, 1270–71, 36 L.Ed.2d 114 (1973). Therefore, a state may have authority to tax or regulate activities occurring within the state, but outside Indian country. *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 1703, 140 L.Ed.2d 981 (1998). Thus, if the vehicle was "delivered to," or "first used" outside Indian country within the State of Wyoming, there is no federal barrier to the imposition of the tax.

■ The Board's determination appears to be based on the dual inferences that Calhoun's Crowheart post office box number proved Calhoun resided on the Wind River Indian Reservation, and that his residence on the reservation established the place of first use.[2] We need not reach the second tier of the Board's assumptions, because Calhoun failed to establish his 1993 place of residence.

A number of courts have held that a post office box number alone does not provide evidence of a person's residence. As the California Court of Appeals recently noted when considering the sufficiency of a post office box on a petition for ballot:

> A post office box, unlike a residence address, provides no indication as to the actual physical location of a person's residence. A person may move to a new residence (and no longer be eligible to vote) but keep the same post office box. With only a post office box on the petition, the petition signer has made no statement regarding the physical location of his or her residence.

> The petition does not show (and the Registrar has no way of knowing) whether the signer was a qualified registered voter *at the time of signing*.

*Mapstead v. Anchundo*, 63 Cal.App.4th 246, 73 Cal.Rptr.2d 602, 610–11 (1998) (emphasis in original and footnote omitted); *see also Coale v. Grady Bros. Siding and Remodeling, Inc.*, 865 S.W.2d 887, 888 (Mo.App.1993) (fact that place where siding was to be installed was listed as post office box in another county did not compel finding that work was done on structure in another county); and *McCauley v. Com., Pennsylvania Bd. of Probation and Parole*, 98 Pa.Cmwlth. 28, 510 A.2d 877, 880 (1986) (post office box is simply a mailing address, not a residence). While there may be an exception to this rule when it is shown that the post office box is the only address assigned to a residence, Calhoun made no such showing here. *McClellan v. Meyer*, 900 P.2d 24, 33 (Colo.1995).

■ Persuaded by the reasoning of these courts, we hold that a post office box, without more, does not show residence for the purpose of establishing the propriety of a tax exemption. Further, there is nothing in the record which addresses Calhoun's use of the vehicle in any manner. Thus, the facts used by the Board to support its legal assumptions have no bearing on the exemption claimed by Calhoun. The Board could not have known where Calhoun resided or where this vehicle was first used in 1993. We know only that Calhoun wished to register this truck in Fremont County after its purchase, and that no sales tax was paid in Utah.

Since we find insufficient evidence to uphold the Board's determinations, we decline to address the legal conclusions inherently and expressly contained in the Board's decision. Calhoun had his chance to show his entitlement to an exception from the use tax assessed in 1993, and he failed to do so.

## V. CONCLUSION

The Board's determination that federal law precluded the assessment of a use tax on

---

**2.** Although the Board stated that *the letter of appeal* provided Calhoun's residence, we note that Calhoun never stated that his 1995 residence was the same as his 1993 residence. However, because the post office box number on the application for registration was the same as the post office box number on the letter of appeal, we will address the sufficiency of the post office box number here.

Calhoun's pickup truck purchased in Utah in 1993 is unsupported by the record. The Board's order is reversed, and the case is remanded for disposition in accord with this opinion.