Michael SMALLS, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 24, 2003.
Decided May 12, 2003.

David Crowley, Bellefonte, for petitioner.

Tara Patterson, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Michael Smalls (Smalls) appeals the determination of the Pennsylvania Board of Probation and Parole (Board) which denied his administrative appeal of a recommitment order.

On August 30, 1999, Smalls was paroled from a six to eighteen year sentence for rape, burglary, robbery, involuntary deviate sexual intercourse and conspiracy. In addition to the general conditions of his parole, the Board listed a special condition not to possess alcohol.

On April 17, 2002, at 1:30 a.m., Smalls' parole agent, Tracy Turner (Turner), made an unannounced visit to his residence for the purpose of conducting a "curfew and change of address check." Turner took a urine specimen from Smalls, which was clean. Turner then, while throwing away the urinalysis kit, noticed a green bottle in the garbage can in Smalls kitchen. Turner inventoried the contents of that garbage can and found two unopened and chilled bottles of champagne and an unopened chilled bottle of beer and an empty bottle of champagne.

Turner acknowledged that there was a woman, Donna Day (Day), sleeping in Smalls bed at the time she conducted her check of the residence. Day testified that she brought the four bottles of alcohol into Smalls apartment a little after 1:00 am. She also testified that Smalls was asleep when she arrived, so she placed the bottles in his refrigerator. She further stated that upon Smalls discovering the alcohol in the refrigerator, he told her it was a violation of his parole and asked her to leave. Day threw the bottles in the garbage can and went back to bed, as it was a two hour bus ride between her apartment and Smalls'.

On April 14, 2002, the Board issued a warrant to commit and detain Smalls. On May 2, 2002, a preliminary hearing for the technical violation of possession of alcohol was held at the State Correctional Institution (SCI) at Graterford. A panel violation hearing was held at SCI at Graterford on June 4, 2002. On June 20, 2002, the Board recommitted Smalls as a technical parole violator to serve twelve months backtime. On July 17, 2002, Smalls petitioned for administrative relief. On August 1, 2002, his petition was denied and Smalls subsequently petitioned our Court for review.[1]

Smalls contends that the Board erred in concluding that there was substantial evidence to support Smalls' violation of the parole condition charged.

Substantial evidence is defined as evidence that a reasonable mind would find sufficient to support a conclusion. *McCauley v. Pennsylvania Board of Probation and Parole*, 98 Pa.Cmwlth. 28, 510 A.2d 877 (1986). The Board must prove a technical parole violation by a preponderance of the evidence. *Id.* 510 A.2d at 879. A preponderance of the evidence is "such proof as leads the fact-finder ... to find that the existence of a contested fact is more probable than its nonexistence." *Sigafoos v. Pennsylvania Board of Probation and Parole*, 94 Pa.Cmwlth. 454, 503 A.2d 1076 (1986).

The mere presence of alcohol in Smalls apartment does not establish that

---

1. Our review of a Board recommitment decision is limited to a determination of whether necessary findings are supported by substantial evidence, whether the order is in accordance with law, and whether any constitutional rights of the parolee have been violated. *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa.Cmwlth. 198, 470 A.2d 1135 (1984).

he possessed the substance. "Constructive possession occurs when a person does not have actual possession but instead knowingly has the power and **intention** at a given time to exercise dominion and control over the object, either directly or through others." (emphasis added). *Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa.Cmwlth. 313, 502 A.2d 277, 281 (1985), citing *United States v. Daniels,* 527 F.2d 1147 (6th Cir.1975).

In *Nickens,* our Court found constructive possession of a gun stored in parolee's bedroom closet. That the gun along with the evidence of parolee's tattoo and sign in his shop window showed an "obvious manifestation of an affinity for firearms." *Nickens,* 502 A.2d at 280. The combination of those facts constituted constructive possession as it showed an intent to exercise dominion and control over that gun. This case is similar to *Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa.Cmwlth. 547, 490 A.2d 942 (1985). In *Hawkins,* a parolee was the sole occupant of a stolen car involved in a police chase which terminated in his arrest and the discovery of a handgun on the floor of the driver compartment. Our Court determined that parolee had constructive possession of the weapon as "there was no opportunity for anyone else to have tampered with the vehicle from the time Hawkins abandoned it until the time the weapon was discovered...." 490 A.2d at 946.[2]

In the present controversy, the Board found Turner credible and relied on her testimony in finding that Smalls was in constructive possession of the alcohol. However, there is nothing in Turner's testimony that shows Smalls had the intention of exercising dominion or control over the alcohol. In fact, Turner testified that she did not bother to investigate who brought the alcohol into the house or why it was in the garbage can, as she felt that "regardless of who brought the alcohol into the house he was still responsible because he's the one on parole and it's considered constructive possession because he did have access to the alcohol and it was his apartment." Notes of Testimony, June 4, 2002, at 23.

In this case, unlike *Hawkins,* there was an opportunity for someone else to have placed the alcohol into Smalls' trash can and to have consumed the empty bottle. We find this highly likely, being that Smalls tested negative for alcohol and there was another person, Day, who not only had access to the apartment but was there sleeping at that time Turner conducted her visit. The record fails to support the Board's finding that Smalls was in constructive possession of the alcohol. Thus, there was not substantial evidence to support the Board's finding of a parole violation.

Accordingly, we reverse.

### ORDER

AND NOW, this 12th day of May, 2003 the order of the Pennsylvania Board of Probation and Parole in the above captioned matter is reversed.

---

2. Smalls cites *Commonwealth v. Perdue,* 387 Pa.Super. 473, 564 A.2d 489 (1989), as analogous to his situation. This is in error. In *Perdue,* our Superior Court found that the act of placing property into a garbage can located underneath the porch of Perdue's residence constituted abandonment of that property. *Perdue* concerns abandonment of property, not possession of property, as is the issue in the present controversy.