# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Beaver,                                  :
              Petitioner       :
                               :   No.  469 C.D. 2021
           v.                            :
                               :   Submitted:  September 24, 2021
Pennsylvania Parole Board,                  :
              Respondent       :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED: December 30, 2021


Richard Beaver (Beaver), an inmate at the State Correctional Institution (SCI) at Mercer (SCI-Mercer), petitions for review of an April 5, 2021 order of the Pennsylvania Parole Board (Board), which affirmed its February 12, 2021 decision. On appeal, Beaver argues that the Board erred by finding that he failed to provide sufficient evidence to show that he filed a timely request for administrative relief from the Board's decision mailed on February 9, 2018.  Upon review, we affirm.

This matter returns to this Court following our remand to the Board with instructions that it hold an evidentiary hearing to determine the timeliness of Beaver's request for administrative relief challenging the Board's February 9, 2018 decision, which recommitted him to an SCI as a convicted parole violator to serve his unexpired term.  *See Beaver v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 975 C.D. 2019, filed August 26, 2020) (*Beaver I*).  Following remand, the Board issued

a decision on February 12, 2021, in which it made findings of fact and conclusions of law on the timeliness issue. (Certified Record (C.R.) at 242-44.) The Board determined that Beaver failed to meet his burden of proving that he timely mailed his request to the Board within the 30-day appeal period. *Id.* Beaver filed a counseled administrative appeal of that decision, and the Board affirmed in a decision mailed on April 5, 2021. *Id.* at 245-47, 249-50. Beaver then petitioned for this Court's review.

In *Beaver I*, we summarized the pertinent facts of Beaver's case as follows:

> On September 15, 2012, Beaver was found guilty of aggravated assault and sentenced to a minimum sentence of two years to a maximum of five years. On March 16, 2015, Beaver was paroled. On August 8, 2015, the Board recommitted Beaver as a technical parole violator and extended his maximum sentence date of September 15, 2017, to October 16, 2017, to account for the 31 days from July 8, 2015, to August 8, 2015, that he was delinquent. (C.R.[, filed at No. 975 C.D. 2019,] at 41.) The Board did not forfeit the 114 days of street time that Beaver spent in good standing from March 16, 2015, to July 8, 2015.
>
> On October 22, 2015, Beaver was reparoled. On October 27, 2017, Beaver was convicted of robbery and sentenced to serve 4 to 10 years in state prison. On February 1, 2018, the Board recommitted Beaver as a convicted parole violator to serve his unexpired term of 1 year, 6 months, and 29 days on his 2012 sentence and recalculated his maximum sentence date to July 23, 2019. In doing so, the Board credited Beaver's sentence for the 259 days he was incarcerated from February 10, 2017, to October 27, 2017. The Board forfeited the 114 days of street time it had previously awarded him in connection with his recommitment as a technical parole violator. C.R. 162. The Board's decision was mailed on February 9, 2018, and it advised Beaver that he had 30 days from the mailing date to file a timely request for administrative review.
>
> On March 11, 2019, Beaver sent the Board an "inquiry concerning lack of response to my Administrative Remedies Form, mailed on March 5, 2018." C.R. 168. According to Beaver, the March 5,

2

2018, administrative remedies form challenged the Board's authority to forfeit the 114 days of street time that he spent in good standing during the parole period that preceded his recommitment as a technical parole violator and the Board's failure to give Beaver credit for all periods of incarceration on his sentence from February 8, 2017, to February 9, 2018. The March 11, 2019, inquiry letter cited *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 420 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020), in which this Court held that when the Board recommits a convicted parole violator, it cannot revoke sentence credit that the parolee had been granted in a prior recommitment as a technical parole violator.

Receiving no response, Beaver sent another letter on May 2, 2019, titled "amended administrative remedies request due to [the Board's] failure to respond to initial request of March 5, 2018, and subsequent follow-up of March 22, 2019." C.R. 175. The letter again challenged the Board's failure to award Beaver credit for his street time and raised a new issue that the Board failed to hold the revocation hearing within the 120-day time period required by Section 71.4(1)(i) of its regulations, 37 Pa. Code §71.4(1)(i).

On June 24, 2019, the Board dismissed Beaver's request for administrative review as untimely. The Board contended that it did not receive Beaver's request within 30 days of the mailing date of its decision, and there was no indication that Beaver submitted the petition to prison officials for mailing during that time period. Board Adjudication, 6/24/2019, at 1.

*Beaver I*, slip op. at 1-3 (footnotes omitted). The Board therefore dismissed Beaver's

petition as untimely, and Beaver petitioned this Court for review. *Id.* Concluding that

it could not be determined from the certified record whether Beaver filed his March 5,

2018 appeal *pro se* and, if so, upon which date Beaver placed his appeal of the Board's

decision in the prison mailbox, a panel of this Court vacated the Board's June 24, 2019

decision and remanded the matter to the Board with instructions that it hold an

evidentiary hearing to determine the timeliness of Beaver's request for administrative

relief from the Board's February 9, 2018 decision. *See Beaver I*, slip op. at 4-5.

3

Following remand, the Board held an evidentiary hearing at SCI-Mercer on January 22, 2021, at which Beaver appeared with counsel and testified. (C.R. at 2-3.) Elliot Smeal (Smeal) appeared and testified on the Board's behalf. *Id.* At the hearing, the Hearing Examiner identified the timeliness of the administrative appeal as the only issue to be considered. *Id.* at 7. Beaver testified first that he had three sworn affidavits, one of which was his own. *Id.* at 16. Chief Counsel for the Board objected to the affidavits on hearsay grounds and stated that Beaver could simply testify instead of moving his affidavits into the record. *Id.* The Hearing Examiner did not directly rule on the objection. Beaver nevertheless proceeded to testify that he deposited his administrative appeal into the institution's mailbox on March 5, 2018, but after that date, he did not hear anything from the Board. *Id.* at 16-17, 23-24. He then explained that it was not until March 11, 2019, that he sent a follow-up to the Board mentioning his March 2018 administrative appeal, and that he again did not receive a response. *Id.* Beaver further explained that he mailed a second piece of correspondence to the Board on May 2, 2019. *Id.* at 18, 27. He testified to receiving the Board's February 9, 2018 decision on February 14, 2018, and that although he did not receive an administrative remedies form with the decision, he went to the library and got one and thereafter mailed the March 2018 appeal *pro se*. *Id.* at 18-19, 23. Chief Counsel for the Board then asked Beaver whether he had a receipt or other piece of paper stating that he put his appeal in the mailbox, to which Beaver responded that he did not. *Id.* at 26. Beaver then confirmed for Chief Counsel that Beaver sent correspondence to the Board on March 11, 2019, requesting a response to his March 2018 appeal, and that he did not attach a copy of that appeal when he sent his March 11, 2019 correspondence. *Id.* Beaver claimed to have a copy of everything, and further confirmed that he sent the May 2, 2019 correspondence, to which he also did not attach a copy of the March 5,

4

2018 appeal. *Id.* at 27. Beaver stated that he did, however, "state in no uncertain terms that [he] mailed the March 5th" appeal. *Id.* Beaver's counsel then indicated she had nothing further in terms of evidence or testimony. *Id.*

Chief Counsel then called Smeal, who identified himself as "the keeper of the Board's administrative remedies process." (C.R. at 29.) Smeal explained that he processes incoming administrative appeals, each of which are date stamped, logged into a tracking system, and tracked throughout the review process. *Id.* Smeal testified that he and other staff checked to see if the Board received an appeal from Beaver within 30 days of the Board's February 9, 2018 decision, and testified that no appeal was received. *Id.* at 29-30. Smeal stated it is the Board's regular practice to document when appeals are received, and to keep copies of appeals and other correspondence received. *Id.* at 30. On cross-examination, Smeal explained that mail is received either by regular postage or certified mail, in which case it would have the correct label and tracking number on the bottom of it. *Id.* at 31. Further, he stated that the Board keeps records of both correspondence and envelopes. *Id.* At the close of testimony, the Hearing Examiner entered various documents into the record, including a prehearing memorandum, this Court's prior decision in the case, and the original documents contained within the original certified record. *Id.* at 34-37.

Following the hearing, the Board issued a decision on February 12, 2021, in which it made the following findings of fact and conclusions of law regarding the timeliness issue:

Findings of Fact

Mr[.] Richard Beaver, 215FV, failed to show burden of proof [sic] or evidence that he submitted the administrative remedies form within the 30[-]day period of time as per 37 Pa. Code [§]73. The

5

Parole Board's witness testified as to the process for filing an administrative remedies relief form and that there was no letter received by the Board Secretary's Office prior to the 30[-]day time[]frame of 03/09/2018. In fact, the first administrative remedies relief form received by the Parole Board Secretary's Office was 03/18/2019; over 1 year later. Mr. Beaver did not provide a copy of his 03/05/2018 administrative remedies relief form, did not provide a receipt of this administrative remedies relief from [sic] he claims to have mailed on 03/05/2018, and did not provide testimony to persuade the Board of this fact.

Conclusions of Law

1. A convicted parole violator who seeks credit against his/her parole violation maximum sentence has the burden of showing he/she filed the administrative remedies relief form within [] 30 days of the mailing of the Board decision as[] per 37 Pa.[ ]Code [§]73.

2. The determination of whether Mr. Richard Beaver filed his administrative remedies relief form within the 30[-]day deadline, as per 37 Pa. Code [§]73, has not been proven. There was no evidence and the testimony of Mr. Richard Beaver did not persuade the Board of that fact.

3. Mr. Richard Beaver did not file his administrative remedies form in a timely manner and therefore he can[]not request credit for time at liberty on parole.

(C.R. at 243 (capitalization omitted).) Beaver then filed a counseled administrative appeal challenging the Board's February 12, 2021 decision. *Id.* at 245-47.

In a decision mailed on April 5, 2021, the Board affirmed its February 12, 2021 decision. (C.R. at 249-50.) In so doing, "[t]he Board determined that sufficient evidence was presented at the January 22, 2021 evidentiary hearing to determine that Mr. Beaver did not submit his Administrative Remedies Form within 30 days of the mailing date of the Board['s February 9, 2018] decision pursuant to 37 Pa. Code §73.1."

6

*Id.* at 249. The Board further explained that "[t]he evidence and testimony presented at the evidentiary hearing established that Mr. Beaver did not prove that he previously submitted an Administrative Remedies Form on March 5, 2018, or any time prior to March 18, 2019." *Id.* The Board concluded that Beaver did not meet his burden of proof that he timely submitted his request for administrative relief to the Board, and therefore, the Board affirmed its February 12, 2021 decision. *Id.* at 249-50. Beaver petitioned this Court for review of the Board's April 5, 2021 decision.

On appeal,[1] Beaver argues that he provided sufficient evidence at the January 22, 2021 evidentiary hearing, showing that he timely filed his administrative appeal of the Board's February 9, 2018 decision, and that the Board erred in concluding otherwise. (Beaver's Br. at 11.) Specifically, Beaver contends that an affidavit can be sufficient evidence to establish the date an appeal is deposited in the prison mailbox, and that him testifying in lieu of submitting an affidavit stating that he deposited his petition for administrative review in the mail on March 5, 2018, provided sufficient evidence that he timely filed his administrative appeal. *Id.* at 13-14. He claims that he has little control over what happens to his mail once it leaves his possession, and that "[w]ide deference should be given to inmates . . . who make good faith efforts to file appeals." *Id.* at 14.

---

[1] Our standard of review in parole revocation cases "is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence." *Lee v. Pennsylvania Board of Probation and Parole*, 885 A.2d 634, 637 (Pa. Cmwlth. 2005). "We have previously defined 'substantial evidence' to be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, requiring something more than a scintilla creating a mere suspicion of the existence of the fact to be established." *McCauley v. Pennsylvania Board of Probation and Parole*, 510 A.2d 877, 879 (Pa. Cmwlth. 1986) (citing *Chapman v. Pennsylvania Board of Probation and Parole*, 484 A.2d 413, 416 (Pa. Cmwlth. 1984)).

In response, the Board submits that its determination that Beaver failed to file a timely administrative appeal is supported by substantial evidence. The Board points out that, at the hearing, Beaver admitted on cross-examination that he did not have a receipt showing that he mailed his administrative appeal on March 5, 2018, and that he did not provide a copy of the alleged March 5, 2018 administrative appeal document in his March 11 and May 2, 2019 correspondence to the Board. (Board's Br. at 5-6.) Beaver also did not offer a copy of the alleged appeal document at the remand hearing. *Id.* at 5. Moreover, Smeal testified that he checked the Board's appeal tracking system and found no record indicating that Beaver filed an administrative appeal within 30 days of the Board's February 9, 2018 decision. *Id.* at 5-6. The Board contends that it properly performed its role as the ultimate fact-finder in this case by crediting Smeal's testimony, Beaver's admissions on cross-examination, and the documents admitted into the record, and by finding Beaver's testimony not credible. *Id.* at 7-8. The Board also maintains that a reasonable mind would find the credited evidence and record sufficient to support the conclusion that Beaver failed to file a timely administrative appeal after he received the Board's February 9, 2018 decision. *Id.* at 9.

We begin with a review of the applicable legal standards. The Board's regulations provide that administrative appeals and petitions for administrative review of a Board decision relating to parole revocation must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code §73.1(a)(1), (b)(1); *see also* 61 Pa.C.S. §6113(d)(1); *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). Further, second or subsequent appeals or petitions for administrative review and those that are out of time under these rules will not be received. 37 Pa. Code §73.1(a)(4), (b)(3). In cases involving *pro se* filings by

8

incarcerated individuals, we consider the applicability of the prisoner mailbox rule, which provides that a *pro se* legal document is deemed to be filed on the date it is delivered to the proper prison authority or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). The rule focuses on the litigant's placing the document in the hands of the appropriate office or officer rather than actual receipt of the document, and a prisoner bears the burden of establishing compliance with the rule. *Id.*; *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008). A prisoner may meet this burden by providing "any reasonably verifiable evidence of the date that the prisoner deposits the appeal," which includes but is not limited to "certificates of mailing, cash slips, affidavits, [or] prison operating procedures." *Sweesy*, 955 A.2d at 503 (citing *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997)). A late-filed appeal may be considered *nunc pro tunc*, however, "if the delay in filing was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process or non-negligent circumstances related to the [petitioner], his attorney, or a third party." *McCullough v. Pennsylvania Board of Probation and Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) (citing *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001); and *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130 (Pa. 1996)).

Here, the Board's recommitment decision was mailed on February 9, 2018, and, therefore, Beaver had until March 12, 2018, to file his request for administrative relief. Beaver testified that he mailed his administrative appeal to the Board *pro se* on March 5, 2018; therefore, he argues that the prisoner mailbox rule applies in this case. However, there is no record evidence, such as a cash slip,

affidavit,[2] or the appeal document itself, demonstrating when Beaver delivered his appeal to prison authorities or deposited it in the prison mailbox. At the hearing in this matter, Beaver admitted that he did not have a receipt showing that he mailed his administrative appeal on March 5, 2018, and that he did not attach a copy of the alleged March 5, 2018 administrative appeal document to his March 11 and May 2, 2019 correspondence to the Board. (C.R. at 26-27.) Beaver also did not offer a copy of the alleged appeal document at the evidentiary hearing for entry into the record in this matter. Accepting Beaver's contention that he mailed the appeal on March 5, 2018, based simply on his statement to that effect in his testimony, would require this Court to speculate, **without any proof**, that Beaver did in fact mail his appeal on that date. Such speculation would ignore *Sweesy*, in which this Court ruled that it is a prisoner's burden to prove timely mailing by producing "reasonably verifiable evidence" of mailing. *Sweesy*, 955 A.2d at 503. Given that there is no evidence demonstrating when Beaver mailed his appeal to the Board, aside from his testimony, which the Board found not credible, Beaver has not met his burden. Thus, because Beaver has not demonstrated that he filed his administrative appeal within the 30-day statutory appeal period, or that he even filed one at all, Beaver has not provided any other evidence that he timely mailed his administrative appeal to the Board. Moreover, there is no allegation of fraud or a breakdown in operations with respect to the timeliness of its

---

[2] At the hearing, Beaver mentioned that he had three affidavits, one of which was his own and purported to establish that he mailed his administrative appeal to the Board on March 5, 2018. (C.R. at 16.) We acknowledge that affidavits may be considered "reasonably verifiable evidence" to establish timely mailing. *See Sweesy*, 955 A.2d at 503. However, Beaver's counsel never requested that the affidavits be moved into evidence at the evidentiary hearing, and the Hearing Examiner thus never admitted them into the permanent record in this matter. Beaver, moreover, proceeded to testify as to the timeliness of his administrative appeal, apparently in lieu of submitting the affidavits, and he appears to admit in his brief to this Court that his "testimony alone is the equivalent of an affidavit." (Beaver's Br. at 14.) Accordingly, we discern that the only "evidence" presented by Beaver in this case was his testimony that he mailed his administrative appeal to the Board on March 5, 2018.

10

purported filing, such that *nunc pro tunc* relief would be warranted.  Accordingly, the Board properly dismissed Beaver's appeal as untimely.

Accordingly, we affirm the Board's order.


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Beaver,                 :
            Petitioner        :
                                 :   No.  469 C.D. 2021
          v.                     :
                                 :
Pennsylvania Parole Board,    :
            Respondent     :

## ***ORDER***

AND NOW, this 30ᵗʰ day of December, 2021, the April 5, 2021 order of the Pennsylvania Parole Board is AFFIRMED.

_____

PATRICIA A. McCULLOUGH, Judge