Roy SWEESY, Petitioner

v.

PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 27, 2008.

Decided Aug. 22, 2008.

Stephen E. Hall, Asst. Public Defender, Meadville, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

Roy Sweesy (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) dismissing his administrative appeal as untimely. We vacate and remand for further proceedings.

The Board recommitted Petitioner as a technical parole violator on May 14, 2007, and sentenced him to serve 9 months backtime in a state correctional institution. The Board mailed this order to Petitioner on May 23, 2007, and the Board received Petitioner's appeal on June 28, 2007.[1]

According to the Board's regulations, an appeal of the Board's decision must "be received at the Board's Central Office within 30 days of the mailing date of the Board's order." 37 Pa.Code § 73.1(a)(1). Petitioner's first court-appointed counsel faxed a timely appeal to the Board on June 21, 2007, one day before the deadline. Petitioner, allegedly unaware of this filing by this counsel, mailed his own appeal to the Board.[2] The Board did not receive Peti-

---

1. The Board filed a motion to limit this Court's review to the issue of timeliness. We dismissed this motion as moot because the petition for review only addressed the issue of timeliness.

2. Petitioner claims that a member of the Mercer County Public Defender's office, who was

tioner's appeal until June 28, 2007, thirty-six days after the Board's mailing date.[3] Petitioner then sent a letter to the Board, which it received on July 16, 2007.[4] In the letter, Petitioner claimed that: (1) he was unaware of his first counsel's appeal, which he believed was insufficient; (2) he wished to raise additional issues; (3) he wanted new counsel to be appointed; and (4) he wished to "quash" his first counsel's appeal. The Board granted Petitioner's request to quash his first counsel's timely appeal and then dismissed Petitioner's pro se appeal as untimely.[5] Petitioner now petitions this Court for review of the Board's decision.[6]

■ The "prisoner mailbox rule" deems that a prisoner's pro se appeal is filed at the time it is given to prison officials or *put in the prison mailbox. Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607 (Pa.Cmwlth.2001).[7] Therefore, in the present case, it is the date that Petitioner placed his appeal in the mailbox that is relevant, not the date of its receipt by the Board.

■ Petitioner contends that, although his appeal is postmarked Monday, June 25, 2007, he put his appeal in the prison mailbox on Friday, June 22, 2007 and, therefore, his appeal was filed in a timely manner in accordance with the "prisoner mailbox rule." Petitioner notes that the date that appears on his appeal is June 22, 2007, and that he can produce witnesses to verify that he put the appeal in the prison mailbox on that date. The Board argues that it did not err in dismissing the Petitioner's appeal because the appeal is postmarked June 25, 2007. The Board contends that, according to this Court's holding in *Coldren v. Pennsylvania Board of Probation and Parole*, 795 A.2d 457 (Pa.Cmwlth.2002), the only way Petitioner can prove that he timely mailed his appeal is with a cash slip.[8] The Board argues that without a cash slip, Petitioner cannot prove that his appeal was timely.

This Court has allowed a cash slip to be used to help determine when an appeal was given to prison authorities within the "prisoner mailbox rule." *See Coldren*, 795 A.2d at 458. In *Coldren*, petitioner's appeal, itself, had no date on it, but the postmark on the certified mail envelope

representing him at the time, notified him one day before the deadline that their office would not be filing an appeal on his behalf.

3. While a stamp on the envelope containing Petitioner's appeal indicates it was received on June 29, 2007, the Board states in its Order and subsequent brief that it received the mailing on June 28, 2007.

4. A stamp on the envelope containing Petitioner's letter indicates that the Board received it on July 17, 2007, while the Board's Order dismissing his appeal indicates that the letter was received on July 16, 2007.

5. Since there is no challenge to the Board's Order granting the request to quash the first court-appointed counsel's appeal, we will address only Petitioner's pro se appeal to the Board.

6. This Court's scope of review is limited to determining whether a violation of constitutional rights occurred, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 104.

7. This rule was adopted in consideration of the unique restrictive circumstances pro se prisoners face when filing an appeal. "Unlike other litigants, pro se prisoners can not personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice." *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 122, 683 A.2d 278, 282 (1996).

8. A prisoner uses a cash slip to "request[ ] the funds to pay for postage." *Coldren*, 795 A.2d at 458.

was dated after the deadline for filing. *Id.* Petitioner, however, asserted that the cash slip, through which he requested the funds to pay for postage, was dated earlier than that deadline and, therefore, proved that he had timely submitted his appeal to the prison authorities for mailing. *Id.* This Court noted the date stamp on the cash slip itself was not clear, and there was no indication of whether that was the date he turned in his appeal or another date. *Id.* Because this Court determined that the record was insufficient to properly determine the date on which the petitioner deposited his appeal with the prison authorities, which was the critical date, we vacated and remanded the Board's dismissal for that factual determination. *Id.* at 459.

The Board incorrectly interprets *Coldren* to assert that a cash slip is the *only* method of determining the timeliness of mailing. In *Coldren,* the petitioner gave his appeal to the prison authorities, so there was a cash slip. However, in *Pettibone,* this Court held that the "prisoner mailbox rule" covered a petitioner who either gave the appeal to prison officials or *placed the appeal in the prison mailbox. Pettibone,* 782 A.2d at 607. It appears that Petitioner, here, is alleging that he put his appeal in the prison mailbox. We note the Department of Corrections has a policy which permits each prisoner 10 free, pre-paid postage mailings per month.[9] There is no indication in this policy that these pre-paid mailings are accompanied by cash slips. Further, our Supreme Court has held that it is "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal[ ]." *Commonwealth v. Jones,* 549 Pa. 58, 64, 700 A.2d 423, 426 (1997). This includes, but is not limited to, certificates of mailing, cash slips, affidavits, and prison operating procedures. *Id.* Petitioner has alleged that he can produce witnesses to verify his date of mailing. We also note that the envelope used in this case contains two different postmarks, the significance of which is not clear from the record.[10]

Because we cannot determine from the record the date on which Petitioner placed his appeal of the Board's decision in the prison mailbox, we must vacate the Board's dismissal and remand this matter to the Board for that factual determination.[11]

### *ORDER*

NOW, August 22, 2008, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby VACATED, and this matter is REMANDED for the Board to make factual determinations in accordance with this opinion.

Jurisdiction relinquished.

---

9. "Each [prisoner] will be permitted, without cost, to mail 10 one-ounce, first-class letters per month." (DC–ADM 803 § 1(A)(5).)

10. The two postmarks are similar except that one displays the price of "$00.41" and the full date of "June 25 2007," while the other displays the price of "$00.00" and only the month and year of "June 2007." One of them is at the top of the envelope and the other at the bottom of the envelope.

11. We note that in appealing the backtime order, and in his letter, Petitioner alleged that ineffective assistance of counsel contributed to the necessity of his filing his own appeal. If the Board finds that Petitioner's appeal was untimely, a hearing should be held with regard to his allegation that his counsel was ineffective. Ineffective assistance of counsel can, in some circumstances, permit the untimely filing of an appeal. *Larkin v. Pennsylvania Board of Probation and Parole,* 124 Pa. Cmwlth. 184, 555 A.2d 954, 958 (1989).