# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Fowler,                          :
                Petitioner          :
                                   :
             v.                     :   No. 394 C.D. 2015
                                   :   Submitted:  April 15, 2016
Pennsylvania Board                       :
of Probation and Parole,                 :
                Respondent          :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED:  July 7, 2016**

Petitioner Anthony Fowler (Fowler) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Fowler's administrative appeal challenging the Board's recalculation of his maximum sentence date.  We now affirm.

In 2005, Fowler was sentenced to serve a term of five-to-ten years for conviction on a drug-related crime.[1]  (Certified Record (C.R.) at 1, 3.)  The Board

---

[1] Fowler asserts that he was sentenced to serve "three overlapping[,] concurrent terms of five and one half (5 ½)[-]to[-]eleven (11) years[,] with a maximum original term expiration date of June 15, 2015[,]" although it appears that Fowler may have intended to reference June 5, 2015 (not June 15, 2015) as his maximum sentence date.  (Fowler Br. at 5.)  The Board asserts that Fowler was sentenced to serve an "aggregated five-year to ten-year" term, with an original maximum sentence date of June 5, 2015.  (Board Br. at 2.)  Our review of the record reveals that: (1) on February 11, 2005, Fowler was sentenced to serve a term of five and
**(Footnote continued on next page…)**

granted Fowler parole and released him on July 15, 2010. (*Id.* at 24-25.) On May 15, 2012, the Board issued a warrant to commit and detain Fowler, concurrent with his arrest on new criminal charges. (*Id.* at 26-27.) On June 19, 2012, however, the Board issued a decision permitting Fowler to continue on parole pending the disposition of the criminal charges. (*Id.* at 27.) As a result, Fowler was detained by the Board from May 15, 2012 to June 24, 2012. (*Id.* at 26, 91.) On February 13, 2013, Fowler entered a negotiated guilty plea resulting in two convictions for driving under the influence (DUI), for which Fowler received a county sentence of thirty days-to-six months confinement and six months of probation. (*Id.* at 32-33, 35.) While the Board noted Fowler's DUI convictions, it took no further action with respect to his parole status. (*Id.* at 79, 96.)

On November 6, 2013, the Board issued another warrant to commit and detain Fowler, concurrent with his arrest on new criminal charges and pending the disposition of a technical parole violation. (*Id.* at 29, 43.) Fowler did not post

---

**(continued…)**

one-half-to-eleven years for convictions of involuntary manslaughter and three counts of probation violation related to the manufacture, sale, delivery, or possession with intent to deliver a controlled substance, with an original maximum sentence date of August 2, 2014; and (2) on June 6, 2005, Fowler was sentenced to serve a term of five-to-ten years for conviction of the manufacture, sale, delivery, or possession with intent to deliver a controlled substance, with an original maximum sentence date of June 5, 2015. (Certified Record (C.R.) at 1, 3.) It appears that the relevant sentence for purposes of this appeal is the five-to-ten year sentence with an original maximum sentence date of June 5, 2015. Although the Board recommitted Fowler with respect to both the five and one-half-to-eleven year sentence with an original maximum sentence date of August 2, 2014, and the five-to-ten year sentence with an original maximum sentence date of June 5, 2015, the Board used the June 5, 2015 original maximum sentence date to recalculate Fowler's maximum sentence date to August 19, 2018. (*Id.* at 94-96.)

bail on these new criminal charges. (Supplemental Certified Record (Supp. C.R.) at 2A.) By decision dated December 7, 2013, the Board: (1) detained Fowler pending the disposition of the new criminal charges; and (2) recommitted Fowler as a technical parole violator to serve six months backtime at a state correctional facility or contracted county jail. (C.R. at 62.)

On June 9, 2014, Fowler entered a guilty plea resulting in a drug-related criminal conviction, for which Fowler received a county sentence of six months of probation. (Supp. C.R. at 3A; C.R. at 67.) On June 11, 2014, the Board received official verification of Fowler's conviction. (C.R. at 66.) On July 11, 2014, the Board served Fowler with a notice of charges and hearing. (*Id.* at 81.) On that same date, Fowler signed a waiver of revocation hearing and counsel and an admission that he had pleaded guilty to, and was convicted of, the drug-related charge. (*Id.* at 82.) By decision dated August 19, 2014, and mailed August 22, 2014, the Board recommitted Fowler as a convicted parole violator to serve six months backtime, concurrently with his six months backtime as a technical parole violator, at a state correctional facility when available. (*Id.* at 92-93.) On September 3, 2014, the Board issued an "order to recommit,"[2] which, based on the Board's August 19, 2014 decision, recalculated Fowler's maximum release date to be August 19, 2018. (*Id.* at 94-96.)

_____

[2] The "order to recommit" is a Board form identified as PBPP-39. Although this form is captioned as an order to recommit, it apparently serves the purpose of providing an administrative mechanism for the calculations regarding a parolee's credits and new maximum release dates for original sentences after a parolee has been convicted of new criminal charges. We do not view the captioning of this form to alter the plain fact that the Board's August 19, 2014 decision constitutes Fowler's recommitment order.

3

The Board determined Fowler's new maximum release date as follows. At the time the Board paroled Fowler, he had 1,787 days remaining on his original sentence. (*Id.* at 94.) The Board provided Fowler with a 40-day period of credit from May 15, 2012, through June 24, 2012, for the time that he was incarcerated on a Board detainer related to his May 15, 2012 arrest. (*Id.* at 26, 91, 94.) The Board also provided Fowler with a 215-day period of credit from November 6, 2013, through June 9, 2014, for the time that he was incarcerated on a Board detainer for his November 6, 2013 arrest. (*Id.* at 29, 94.) After applying these credits, the Board calculated that Fowler still had 1,532 days remaining on his original sentence. (*Id.* at 94.) Based on that calculation, the Board determined that Fowler's new maximum release date is August 19, 2018. (*Id.*)

Fowler filed a request for administrative relief from the Board's September 3, 2014 decision, which decision served only to recalculate Fowler's maximum sentence date. (*Id.* at 99-104.) The request for administrative relief was dated and signed by Fowler on September 22, 2014, mailed by the Pennsylvania Department of Corrections (DOC) on Fowler's behalf on September 24, 2014, and received by the Board on September 30, 2014. (*Id.* at 99, 104-05.) In his request for administrative relief, it appears that Fowler argued that he should have been granted credit for time spent at liberty on parole because: (1) he was not convicted of a violent crime or three misdemeanors of the second degree as required by Section 6138 of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138; (2) his county sentence for his June 9, 2014 drug-related criminal conviction was six months of probation; and (3) the Board failed to consider mitigating factors related to his June 9, 2014 drug-related conviction, such as that there was no

4

evidence that the drug paraphernalia found in his vehicle was "on [his] persons [sic]." (*Id.* at 99-100.) The Board, which treated Fowler's request for administrative relief as an administrative appeal due to Fowler's challenge to the Board's authority to recalculate his maximum sentence date, affirmed its decision on February 19, 2015. (*Id.* at 105.) In so doing, the Board reasoned:

> The Board recalculated your maximum sentence date to August 19, 2018 based on your recommitment as a convicted parole violator. The decision to recommit you as a convicted parole violator gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board advised you of this potential penalty on the parole conditions you signed on July 14, 2010. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions. *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979).

(*Id.*) Fowler then petitioned this Court for review.

On appeal,[3] Fowler, who is now represented by counsel, raises the following issues: (1) whether the Board violated Fowler's constitutional rights and abused its discretion by recommitting Fowler as a convicted parole violator, when he was not convicted in a court of record and the offense for which he was convicted was not punishable by imprisonment as required by Section 6138(a) of the Parole Code, 61 Pa. C.S. § 6138(a); (2) whether the Board committed

---

[3] Our standard of review of a Board order denying administrative relief is limited to considering whether necessary factual findings are supported by substantial evidence, whether the Board erred as a matter of law, and whether constitutional rights were violated. 2 Pa. C.S. § 704.

reversible error and made an arbitrary decision by failing to award Fowler credit for his time at liberty on parole (or street time); and (3) whether the Board abused its discretion by imposing a period of backtime upon Fowler that exceeds the maximum presumptive range without providing sufficient written justification.

We first address Fowler's arguments that the Board violated his constitutional rights and abused its discretion by recommitting him as a convicted parole violator and by imposing a period of backtime that exceeds the maximum presumptive range. The Board argues that these issues are not properly before this Court because Fowler did not raise them in his administrative appeal to the Board. We agree.

"[I]ssues not raised by a [convicted parole violator] before the Board in an administrative appeal are waived for purposes of appellate review by this [C]ourt." *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993), *appeal denied*, 644 A.2d 739 (Pa. 1994). Fowler's administrative appeal challenged only the Board's September 3, 2014 decision, arguing that the Board failed to give him credit for his time at liberty on parole and improperly recalculated his maximum sentence date. Fowler did not challenge the Board's August 19, 2014 decision, which recommitted him as a convicted parole violator to serve six months backtime. As a result, Fowler did not properly preserve his challenges to his recommitment as a convicted parole violator and the imposition of six months backtime, and those issues are waived for the purposes of his appeal to this Court. These issues will, therefore, not be addressed.[4]

---

[4] The Board also argues that even if this Court were to determine that Fowler did preserve these issues in his administrative appeal to the Board, such issues are still not properly before this Court because Fowler's administrative appeal was untimely with respect to the Board's **(Footnote continued on next page…)**

Next, we address Fowler's argument that the Board committed reversible error and made an arbitrary decision by failing to award him credit for his time at liberty on parole. Specifically, Fowler argues that he is eligible to receive credit for his time at liberty on parole because: (1) the crime for which he was convicted was not a crime of violence and did not require him to register as a sex offender; and (2) the Board failed to consider mitigating factors related to his conviction in determining the amount of backtime owed. Fowler's argument, however, demonstrates his misunderstanding of Section 6138(a)(2.1)(i) of the Parole Code, 61 Pa. C.S. § 6138(a)(2.1)(i).[5] Section 6138(a)(2.1)(i) does not

---

**(continued…)**

August 19, 2014 recommitment decision. Again, we agree. An administrative appeal must "be received at the Board's Central Office within [thirty] days of the mailing date of the Board's order." 37 Pa. Code § 73.1(a)(1). Under the "prisoner mailbox rule," "a prisoner's *pro se* appeal is filed at the time it is given to prison officials or put in the prison mailbox." *Sweesy v. Pa. Bd. of Prob. and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008). In this case, the mailing date of the Board's August 19, 2014 decision, relating to Fowler's recommitment as a convicted parole violator and the imposition of six months backtime, was August 22, 2014. Fowler, who was *pro se* at the time, had to either give his administrative appeal to prison officials or put it in the prison mailbox no later than September 22, 2014 (September 21, 2014 was a Sunday). Because Fowler has not provided any evidence of when he gave it to prison officials, and it was mailed by DOC on Fowler's behalf on September 24, 2014, the administrative appeal with respect to the Board's August 19, 2014 decision was untimely. As a result, any issues that Fowler may have raised in his administrative appeal relative to his recommitment as a convicted parole violator and the imposition of six months backtime were not preserved for review by this Court.

[5] Section 6138(a)(2.1)(i) of the Parole Code provides:

(a) Convicted violators.—

. . . .

(2.1) The board *may, in its discretion*, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

**(Footnote continued on next page…)**

7

provide Fowler with the right to receive credit for his time at liberty on parole. Rather, Section 6138(a)(2.1)(i) gives the Board complete discretion to award a recommitted parolee credit for time spent at liberty on parole unless the recommitted parolee committed a crime of violence or a crime requiring sex offender registration, in which case, the Board is given no discretion and must take away the recommitted parolee's time spent at liberty on parole. In addition, this Court recently concluded that the Board acts within its statutory discretion under Section 6138(a)(2.1) of the Parole Code, where a convicted parole violator waives his right to a revocation hearing and/or counsel and the Board checks the "no" box on the report form relating to whether the Board will grant credit for time spent on parole. *Pittman v. Pa. Bd. of Prob. and Parole*, 131 A.3d 604, 609-11 (Pa. Cmwlth. 2016) (en banc), *appeal granted*, ___ A.3d ___ (Pa., No. 90 MAL 2016, filed May 23, 2016). Here, Fowler signed a waiver of his right to a hearing and to counsel, and the Board checked the "no" box on the hearing report. (C.R. at 82, 85.) For these reasons, we reject Fowler's claim that the Board committed reversible error and abused its discretion in denying him credit for his time at liberty on parole.

---

**(continued…)**

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9174(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(Emphasis added.)

Accordingly, we affirm the Board's order.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Fowler, : 
                    Petitioner    : 
                                  : 
          v.                      :     No. 394 C.D. 2015
                                  : 
Pennsylvania Board                : 
of Probation and Parole,          : 
                    Respondent     : 

# **O R D E R**

AND NOW, this 7th day of July, 2016, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

---
P. KEVIN BROBSON, Judge