# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald S. Martin,                                :
                          Appellant      :
                v.                      :      No. 185 C.D. 2020
                                        :      Submitted:  June 26, 2020
Jonathan M. Blake, Josh Shapiro,         :
Keli M. Neary                           :


BEFORE:      HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE J. ANDREW CROMPTON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                        **FILED:  October 23, 2020**

Ronald S. Martin (Appellant) appeals from an Order of the Court of Common Pleas of Dauphin County (trial court), dated August 7, 2019, dismissing an action he filed against Jonathan M. Blake, Josh Shapiro, and Keli M. Neary (Defendants) as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j), Pa.R.C.P. No. 240(j)(1).[1]  Discerning no error, we affirm.

---

[1] Rule 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

On August 1, 2019, Appellant filed a Complaint in the trial court against Defendants, all part of the Office of the Attorney General,[2] alleging violation of the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. §§ 9101-9183. Therein, Appellant alleged Defendants filed an answer to a civil rights complaint he filed pursuant to Section 1983 of Title 42 of the United States Code (Section 1983), 42 U.S.C. § 1983,[3] against two Pennsylvania State Police troopers, among others, in the United States District Court for the Middle District of Pennsylvania (Federal Court Action). According to the Complaint, Defendants attached an exhibit to the answer,[4] which Appellant described as "a copy of [Appellant]'s criminal record, which included charges in [sic] *nolle prosequi*, personal information, fines and fees owed, fines and fees paid, and a general chronology of the criminal case against [Appellant]." (Compl. ¶ 12.) Appellant alleged his criminal history had no relevancy to his civil rights complaint and was included

---

[2]The Complaint identifies Shapiro as Pennsylvania Attorney General, Neary as Chief Deputy Attorney General, and Blake as Deputy Attorney General. Defendants filed a notice of nonparticipation, indicating they will not be participating in this appeal given the trial court's dismissal of the action prior to service.

[3] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

[4] In his brief to this Court, Appellant identifies the document as a "response brief," to which Defendants appended his criminal record as "Exhibit A." (Appellant's Brief (Br.) at 6.) As discussed more fully below, the document was actually a motion to dismiss, to which the exhibit in question was attached. A brief in support of the motion to dismiss was separately docketed that same day.

"solely in an effort to defame, smear, and impugn" his character. (*Id.* ¶ 27.) By including the criminal history as an exhibit, Appellant contended Defendants violated Section 9121(b) of CHRIA, 18 Pa.C.S. § 9121(b), which provides that a state or local police department shall disseminate criminal history record information to an individual or noncriminal justice agency only upon request. Because "[t]he Office of the Attorney General is not a 'State or local police department,'" Appellant averred, it "had no authority to release the information." (Compl. ¶ 16.) By including the information in the answer, Appellant alleged Defendants disseminated his criminal record "to an incalculable number of people who did not request it," (*id.* ¶ 22), in part because Defendants served a copy of the answer to the Federal Court Action on Appellant via Smart Communications, which is the "third[-]party mail handling vendor" of the Department of Corrections (Department), instead of via the Department's procedure for legal mail, (*id.* ¶ 23). As a result of the procedure Smart Communications utilizes for handling inmate mail, which includes scanning and electronic delivery and storage, Appellant alleged not only that a number of people involved in that process had access to his criminal record, but also that his criminal record is now subject to unauthorized access on the internet should Smart Communications' database be compromised. Appellant further averred "[a]lthough a 'public record,' the intent of the State is that only the State Police Criminal Repository shall retain custody of the criminal record," and "[a]nyone wishing to view the record must make a request through that agency." (*Id.* ¶ 30 (emphasis omitted).) Appellant sought judgment in his favor in the amount of $250,000. Along with the Complaint, Appellant filed an Application to Proceed *In Forma Pauperis* (IFP Application).

Upon receipt of Appellant's Complaint and IFP Application, the trial court issued an Order dated August 7, 2019, wherein it stated that neither document would "be entertained, as the court has determined that this action is frivolous." (Trial Court Order.) Accordingly, pursuant to Rule 240(j), the trial court dismissed the action with prejudice. In an opinion in support of that order, the trial court explained it found the Complaint frivolous for a number of reasons. First, it found the claim would be barred by what is commonly known as the Sovereign Immunity Act, 42 Pa.C.S. § 8522, as the claim does not fall within any of the enumerated exceptions to immunity. Second, the trial court found that the Office of Attorney General is a criminal justice agency under CHRIA and is, therefore, "authorized to disseminate criminal history information." (Trial Court Opinion (Op.) at 2.) Third, it found Appellant failed to plead a cause of action because he did not plead the record disclosed protected information; instead, Appellant appeared to reference a docket that would be publicly available.

Appellant filed a Notice of Appeal, seeking to appeal the Order to the Superior Court. The Notice of Appeal is dated September 5, 2019, and includes a certificate of service indicating Appellant deposited it in the U.S. Mail at the State Correctional Institution at Huntingdon that same date. The Notice of Appeal was docketed September 12, 2019. The appeal was subsequently transferred to this Court. Upon transfer, this Court directed the parties to address the timeliness of the appeal in their briefs. On March 19, 2020, Appellant filed a "Motion to Allow for Timeliness" (Motion), wherein he alleged "[t]he appeal was timely filed on 9-5-2019. It was, however, mistakenly filed in the wrong venue." (Motion ¶ 2.) Appellant asked the Court to allow the appeal to proceed. By order dated April 9, 2020, the Court deferred disposition of the Motion with the merits.

4

On appeal,[5] Appellant argues, in addition to the merits of his underlying claim against Defendants, that the trial court erred in dismissing his Complaint as it is not frivolous. He argues that no request was made for his criminal records; thus, release of the documents violates CHRIA. He acknowledges that certain criminal record information is public but argues that what Defendants disseminated went beyond what was permitted because it includes charges that were nolle prossed, which should have been redacted. By serving the answer to the Federal Court Action through the third-party vendor, Appellant argues his protected information was placed in a database, which can be compromised. In addition, he argues that when he prevails on having his convictions overturned, it will be impossible to remove this information from the public view. He alleges that because his Complaint was dismissed so quickly, it was not possible for the trial court to fully review and research the issue. Further, Appellant alleges the information was not relevant to the Federal Court Action and was included simply to defame him; thus, he now seeks punitive damages. Finally, Appellant argues the trial court erred in finding Defendants would be immune from suit because CHRIA provides for damages against anyone who violates its terms.

Because it raises a jurisdictional issue, we begin with the timeliness of Appellant's Notice of Appeal. Under Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The trial court's Order was issued on August 7, 2019. Thus, to be timely, the Notice of

---

[5] Our "review of a decision dismissing an action pursuant to" Rule 240(j) is limited to a determination of whether the "appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

Appeal would have had to be filed by no later than September 6, 2019. It was docketed September 12, 2019. However, because pro se incarcerated individuals, which Appellant was at the time he filed the Notice of Appeal, "cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice," *Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278, 281 (Pa. 1996) (citation omitted), the courts have adopted what has become known as the "prisoner mailbox rule," *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008). Under the "prisoner mailbox rule," an inmate's pro se appeal is considered filed on the date it is provided to prison officials or deposited in the prison mailbox. *Id.*

Generally, when there is a factual dispute as to timeliness, an appellate court should remand for an evidentiary hearing. *Commonwealth v. Jones*, 700 A.2d 423, 426 n.3 (Pa. 1997). However, if it is "factually plausible" that an appellant delivered the notice of appeal to a prison official or deposited it in a prison mailbox, and the opposing party does not challenge timeliness, the Court may consider the appeal to be timely filed without remand. *Polite v. Phila. Dist. Attorney's Office* (Pa. Cmwlth., No. 548 C.D. 2019, filed Sept. 23, 2019), slip op. at 2 n.2.[6] In *Polite*, we considered the appellant's notice of appeal timely because the appellee did not challenge timeliness and the notice of appeal was accompanied by an "affidavit of certificate of service," which stated the appellant "served" the appellee on a date that would have been timely. *Id.* Here, Defendants are not

---

[6] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

participating in the appeal and, therefore, have not objected. Further, the Notice of Appeal was accompanied by a Certificate of Service in which Appellant indicated that he deposited the Notice of Appeal in the U.S. Mail at the State Correctional Institution at Huntingdon on September 5, 2019, which was one day before the filing deadline. Therefore, in accordance with *Polite*, and in the interest of judicial economy given our disposition on the merits, we will not consider the appeal untimely.

We now turn to the merits of the appeal. Appellant argues the trial court erred in dismissing his Complaint as frivolous under Rule 240(j)(1) because Defendants clearly violated the dissemination provisions of CHRIA. Specifically, he alleges Defendants violated CHRIA by attaching a copy of his criminal record as an exhibit to a pleading in the Federal Court Action when no one requested it and without redacting certain information therefrom and then sending it through the third-party mail vendor instead of directly to him at the State Correctional Institution as legal mail. Rule 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1). A note to Rule 240(j)(1) provides that "[a] frivolous action or proceeding has been defined as one that lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note (quotation omitted). We have held that "[a]n action is frivolous under Pa.R.C.P. No. 240(j)(1), if, on its face, it does not set forth a valid cause of action." *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015).

7

CHRIA governs, as relevant here, "the collection, maintenance, dissemination or receipt of criminal history record information." *Garner v. Bureau of Professional & Occupational Affairs, State Bd. of Optometry*, 97 A.3d 437, 442 (Pa. Cmwlth. 2014). Appellant argues Defendants violated Section 9121(b) of CHRIA, which provides "[c]riminal history record information shall be disseminated by a State or local police department to any individual or noncriminal justice agency only upon request. . . ." 18 Pa.C.S. § 9121(b). "Criminal history record information" is defined as:

> Information collected by criminal justice agencies concerning individuals, and arising from the initiation of a criminal proceeding, consisting of identifiable descriptions, dates and notations of arrests, indictments, informations or other formal criminal charges and any dispositions arising therefrom. The term does not include intelligence information, investigative information or treatment information, including medical and psychological information, or information and records specified in section 9104 (relating to scope).

Section 9102 of CHRIA, 18 Pa.C.S. § 9102. "Criminal justice agency" is defined, in relevant part, to include district or prosecuting attorneys. *Id.* Section 9104(b) of CHRIA, however, provides that certain documents are considered public records, namely, "[c]ourt dockets, police blotters[,] and press releases and information contained therein . . . ." 18 Pa.C.S. § 9104(b).

The trial court found that Appellant did not plead that the record attached to the pleading in the Federal Court Action disclosed information that would be protected by CHRIA. The trial court continued that Appellant's Complaint "appears to reference a docket[,] which would be publicly available." (Trial Court Op. at 3.) Under Section 9104(b), a court docket is considered a public record, and so would not be protected, and Appellant, therefore, failed to state a cause of

8

action, rendering his Complaint frivolous. Appellant did not attach a copy of the exhibit that he alleges Defendants filed with the answer in the Federal Court Action to his Complaint. However, "[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings where appropriate." *Lycoming County v. Pa. Labor Relations Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007); *see also Miller v. Unemployment Comp. Bd. of Review*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015). We believe it is appropriate to take judicial notice of the pleadings filed and on the public docket in the Federal Court Action. Appellant is a party to the action and Appellant admits Defendants served as counsel to the defendants in that action and filed the exhibit which is the subject of Appellant's Complaint before us.

Appellant argues the exhibit to the answer filed in the Federal Court Action violated CHRIA because it disclosed protected information. Our review of that pleading reveals the exhibit attached to the answer is a printed copy of the criminal docket of Appellant's criminal case, *Commonwealth v. Martin*, CP-22-CR-0003532-2016, filed in Dauphin County. *See* Document 36-1, *Martin v. Commonwealth of Pennsylvania* (M.D. Pa., No. 1:2018-cv-01904, filed March 29, 2019). Because Section 9104(b) of CHRIA expressly provides that court dockets are considered public records, 18 Pa.C.S. § 9104(b), Defendants did not violate CHRIA by attaching such information to the pleading in the litigation.

Accordingly, the trial court did not err in concluding Appellant's Complaint was frivolous because it "lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note (quotation omitted).[7] Thus, we affirm.[8]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[7] Appellant also argues that the summary dismissal by the trial court was "improper, biased, and/or violative of the [A]ppellant's due process rights." (Appellant's Br. at 5.) Appellant contends that the Order "was issued by a judge who is personally embroiled in other current litigation – the §1983 action – with the [A]ppellant, giving every appearance of impropriety prejudice and bias, subjecting the judge to recusal." (*Id.* at 17.) We note that the trial court judge was a named defendant in the Federal Court Action. We caution that his involvement in this action does raise concern.

[8] Given our disposition, it is unnecessary to address the other bases cited by the trial court for finding Appellant's Complaint frivolous.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald S. Martin,                    :
                    Appellant        :
          v.                         :    No. 185 C.D. 2020
                                     :
Jonathan M. Blake, Josh Shapiro,     :
Keli M. Neary                        :

# **O R D E R**

NOW, October 23, 2020, the "Motion to Allow for Timeliness" filed by Appellant Ronald S. Martin is **GRANTED**. The Order of the Court of Common Pleas of Dauphin County, dated August 7, 2019, is **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** Judge