# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Kennedy,                          :
                    Petitioner    :
                                  :
        v.                          :    No. 846 C.D. 2020
                                  :    SUBMITTED: March 5, 2021
Pennsylvania Parole Board,                :
                Respondent    :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: May 11, 2021**


Petitioner, Joseph Kennedy, petitions for review of an order of the Pennsylvania Parole Board (Board), which denied his administrative appeal of his parole violation maximum sentence date. In addition, Petitioner's counsel, Richard C. Shiptoski, Esquire, petitions for leave to withdraw as counsel, asserting that Petitioner's appeal is frivolous. After review, we remand this matter to the Board for further proceedings. We will hold counsel's petition until the remand decision by the Board.

In 2010 and 2011, Petitioner was sentenced to two consecutive terms of one to three years each for carrying a firearm without a license, criminal conspiracy, and manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. (Certified Record "C.R." at 1.) His original maximum date was May 12, 2016, but following his initial release on parole and subsequent recommitment as a parole violator, the Board recalculated his maximum

date as August 16, 2019. (*Id.* at 1-2.) Following his second release on parole on February 9, 2017, Petitioner was arrested on May 9, 2017, and charged with manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, firearm offenses, and simple possession. (*Id.* at 8, 12-14.) On May 10, 2017, the Board lodged a detainer and bail was set on Petitioner's new charges, which he did not post, and he thereafter remained in custody on both the new criminal charges and the Board's detainer. (*Id.* at 16-17, 53.) On April 5, 2018, Petitioner pled guilty to one controlled substance charge and one firearm charge and, on the same day, was sentenced to 3 years and 6 months to 10 years of imprisonment. (*Id.* at 28.) In September 2018, as a result of Petitioner's new conviction, the Board recommitted him to a state correctional institution to serve 24 months of backtime as a convicted parole violator and recalculated his parole violation maximum date as December 11, 2020.[1] (*Id.* at 62-63.)

Petitioner filed an administrative appeal in October 2018,[2] contending that the Board erred or abused its discretion in failing to award credit against his original sentence for his presentence confinement and his time at liberty on parole, and that the Board incorrectly calculated his maximum sentence date. (*Id.* at 64-67.) Petitioner also argued that the Board lacks authority to recalculate his maximum sentence date. (*Id.* at 66.) The Board denied Petitioner's administrative appeal, explaining that its recommitment of Petitioner as a convicted parole violator

---

[1]  Although Petitioner's recalculated maximum sentence date has passed, he remains incarcerated under the jurisdiction of the Pennsylvania Department of Corrections. *See Inmate/Parolee Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov (last visited April 21, 2021). Therefore, this matter is not moot, because any error in the recalculation of his maximum sentence date could affect the timing of subsequent sentences he may now be serving. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2010).

[2] We address the timeliness of Petitioner's administrative appeal below. *See infra* note 4 and accompanying text.

authorized it to deny Petitioner credit for time at liberty on parole and to recalculate Petitioner's maximum sentence date. (*Id.* at 86-88.) The Board further explained that Petitioner had 918 days remaining on his sentence when he was released on parole on February 9, 2017, and that his recalculated maximum sentence date reflects that remaining balance of time. (*Id.* at 86.) Finally, the Board noted that Petitioner's presentence confinement was not solely on the Board's detainer and, thus, was credited to his new sentence, not his backtime on his original sentence. (*Id.* at 87.) The present appeal followed, and counsel subsequently filed the petition for leave to withdraw as counsel, along with the *Anders* brief,[3] asserting that Petitioner's claims are frivolous.

Before addressing counsel's petition for leave to withdraw as counsel, however, we must determine whether Petitioner's administrative appeal was timely filed with the Board, notwithstanding the Board's failure to address the appeal's timeliness in its decision or challenge the appeal's timeliness before this Court.[4] The Board's regulations provide that administrative appeals and petitions for administrative review of a Board decision relating to parole revocation must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code § 73.1(a)(1), (b)(1); *see also* 61 Pa.C.S. § 6113(d)(1); *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). In cases involving *pro se* filings by incarcerated individuals, we consider the applicability of the prisoner mailbox

---

[3] Following counsel's filing of the petition for leave to withdraw as counsel and brief filed pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), Petitioner filed a brief on his own behalf.

[4] Failure to file a timely administrative appeal deprives the Board of jurisdiction to entertain the appeal and, thus, warrants dismissal. *McCullough v. Pa. Bd. of Prob. & Parole*, __ A.3d __ (Pa. Cmwlth., No. 87 C.D. 2020, filed Mar. 15, 2021), slip op. at 7 [citing *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993)].

3

rule providing that a *pro se* legal document is deemed to be filed on the date it is delivered to the proper prison authority or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). The rule focuses on the litigant's placing the document in the hands of the appropriate office or officer rather than actual receipt of the document, and a prisoner bears the burden of establishing compliance with the rule. *Id.*; *Sweesy v. Pa. Bd. of Prob. & Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008). A prisoner may meet this burden by providing "any reasonably verifiable evidence of the date that the prisoner deposits the appeal," including "certificates of mailing, cash slips, affidavits, [or] prison operating procedures." *Sweesy*, 955 A.2d at 503.

Here, the Board's recommitment order bears a mailing date of September 6, 2018, and the Board reiterates that mailing date in its brief on appeal. (C.R. at 63; Board's Br. at 4.) However, in its decision denying Petitioner's administrative appeal, the Board repeatedly stated that its recommitment order was mailed on "September **25**, 2018," and Petitioner claimed in his administrative appeal that the decision was postmarked with that date. (*Id*. at 64, 86-88 (emphasis added); *see also* C.R. at 81 (Administrative Appeal Vote Sheet indicating Board decision mail date of September 25, 2018). The Board did not receive Petitioner's administrative appeal until October 31, 2018, which is more than 30 days after even the latest possible date of the Board decision's mailing (i.e., September 25, 2018). (*Id.* at 64.) Petitioner claims, however, that he "filed" the appeal on October 24, 2018 (Petitioner's Br. at 6), and the Board states in its decision that the appeal was postmarked on October 25, 2018 (C.R. at 86). We also note that the envelope accompanying Petitioner's administrative appeal bears no postmark (*see* C.R. at 68),

4

and nothing in the record establishes the date on which Petitioner delivered his appeal to prison officials or deposited his appeal in the prison mailbox.

Because we cannot determine from the record the actual date on which Petitioner placed his administrative appeal of the Board's decision in the prison mailbox, we must remand this matter to the Board to make that factual determination and/or explain the above-described date discrepancies. We further direct the Board to make findings of fact on these issues and re-certify the record to this Court within 30 days, so that we may determine whether the prisoner mailbox rule cures the apparent untimeliness of Petitioner's administrative appeal and, accordingly, whether the Board had jurisdiction to rule on the appeal in the first instance. *See Sweesy*, 955 A.2d at 503 (due to the Court's inability to ascertain from the record when the prisoner placed his appeal of the Board's decision in the prison mailbox, we vacated and remanded the matter for a factual determination).

Given our remand of this matter, we will hold counsel's petition for leave to withdraw as counsel until the remand decision by the Board.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Joseph Kennedy,                          :
                Petitioner      :
                                  :
        v.                               :   No. 846 C.D. 2020
                                  :
Pennsylvania Parole Board,     :
              Respondent      :

# **O R D E R**

AND NOW, this 11th day of May, 2021, this matter is REMANDED to the Pennsylvania Parole Board (Board) for further proceedings consistent with this opinion. The Board is directed to re-certify the record to this Court within 30 days of the date of this order.

Jurisdiction retained.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita