# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ansord Rashied, : 
          Petitioner : 
 : 
     v. : No. 1177 C.D. 2023
 : 
Pennsylvania Parole Board, : 
          Respondent : Submitted: September 9, 2024

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED: November 18, 2024

Ansord Rashied (Rashied) has filed a petition for review (Petition) of the September 12, 2023 decision of the Pennsylvania Parole Board (Board) that denied his administrative appeal and affirmed the Board's November 28, 2022 decision. Also before the Court is the Board's Motion to Quash Untimely Appeal (Motion).  For the reasons that follow, we grant the Motion and quash Rashied's Petition.

Rashied was released on parole in 2019.  He was convicted on new criminal charges in 2020.  Rashied admitted the new convictions and waived his right to a parole revocation hearing and counsel.  The Board revoked his parole and recommitted him as a convicted parole violator.  By decision recorded November 28, 2022, the Board modified its earlier recommitment decisions and recalculated Rashied's maximum sentence date as July 13, 2025.  Rashied filed a timely

administrative review form challenging that determination. By decision mailed September 12, 2023, the Board denied Rashied's request for administrative relief and affirmed the November 28, 2022 determination.

Rashied filed a *pro se* Petition challenging the Board's decision. The Petition was dated October 12, 2023, postmarked October 16, and received by the Court October 19. The Court appointed counsel for Rashied (Counsel). The Board filed the Motion, arguing that the Petition was untimely filed on October 16, whereas the appeal period expired October 12. Counsel filed an answer conceding that the Petition was untimely filed and should be quashed. Counsel later moved to withdraw from the matter, and Rashied filed an application requesting that Counsel withdraw.[1] The Court permitted Counsel to withdraw and directed Rashied to proceed *pro se*. Rashied filed a brief discussing the merits of his appeal, but the brief does not discuss whether the Petition was timely filed.

We address timeliness first because it is jurisdictional. *Riverlife Task Force v. Plan. Comm'n of City of Pittsburgh*, 966 A.2d 551, 556-57 (Pa. 2009). The Judicial Code, which establishes our jurisdiction, provides that "the time for filing . . . a petition for review of a quasi-judicial order . . . shall be governed by general rules." 42 Pa.C.S. § 5571(a). The time for filing a petition for review is 30 days. Pa.R.A.P. 1512(a)(1). "[A]s a general rule, [we] may not extend Rule 1512's time-frame." *Riverlife Task Force*, 966 A.2d at 557 (citing Pa.R.A.P. 105(b)). As an exception to that general rule, the Court may consider an untimely petition for

---

[1] In that application, Rashied also asked that the answer Counsel had filed to the Motion be stricken, and asserted, without argument or supporting documentation, that the Petition was timely filed pursuant to the prisoner mailbox rule. In a December 19, 2023 order dismissing Rashied's application as moot because Counsel had already withdrawn, the Court did not formally strike the answer. But we do not consider the answer because we can resolve the issues before us without doing so.

review *nunc pro tunc*, but only if the petitioner affirmatively requests that relief and demonstrates that the delay "was caused by extraordinary circumstances involving fraud, [a] breakdown in the administrative process[,] or non-negligent circumstances related to the [petitioner], his attorney, or a third party." *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 n.5 (Pa. Cmwlth. 2021).

Because Rashied was incarcerated when he filed the Petition, we consider the prisoner mailbox rule. It provides that "a legal document is deemed 'filed' on the date it is delivered to the proper prison authority or deposited in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). But to invoke the rule, the petitioner "bears the burden of proving that he timely deposited his [filing] in the prison mailbox" or with the proper prison authority. *Id.* To prove this, a petitioner must provide "reasonably verifiable evidence of the date" of deposit, which can include "certificates of mailing, cash slips, affidavits, [or] prison operating procedures." *Sweesy v. Pa. Bd. of Prob. & Parole*, 955 A.2d 501, 503 (Pa. Cmwlth. 2008).

The Board's decision here was entered September 12, 2023, so Rashied had until October 12, 2023, to file the Petition. Pa.R.A.P. 1512(a)(1). The Board argues in the Motion that the Petition should be deemed filed October 16, 2023. Presumably that is because the only evidence of mailing in the record is the postmark date of October 16, 2023, and the Petition would necessarily have been deposited with prison officials by that date at the latest. In his *pro se* application and brief, Rashied has not provided or discussed any evidence, such as a cash slip or affidavit, that would establish an earlier date of deposit with prison officials. Thus, he benefits from the prisoner mailbox rule only to the extent of the postmark date on the Petition. *See Frawley v. Pa. Parole Bd.* (Pa. Cmwlth., No. 211 C.D. 2023, filed March 13,

3

2024), slip op. at 5-6.[2]  Being deemed filed October 16, 2023—four days after the appeal period expired—the Petition is untimely.  Rashied has not requested *nunc pro tunc* relief, nor does the record suggest any basis on which the Court could grant it.

For these reasons, we grant the Motion and quash Rashied's Petition. Because we lack jurisdiction, we do not discuss the merits of this matter.

_____
MATTHEW S. WOLF, Judge

---

[2] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value.  Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Ansord Rashied, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1177 C.D. 2023 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

# O R D E R

AND NOW, this 18th day of November, 2024, Respondent's Motion to Quash Untimely Appeal is GRANTED and the above-captioned petition for review is QUASHED as untimely filed.

_____
MATTHEW S. WOLF, Judge