# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Brandon Cummings, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 527 C.D. 2024 |
| | : | |
| Correction Officer Warford, C. Delbo, | : | Submitted: August 8, 2025 |
| Correction Officer Feiling, CO | : | |
| Griffiths, Correction Officer Johnson, | : | |
| J. Kimmel, Correction Officer Mantz, | : | |
| R. Motto, T. Najda, Mr. Director | : | |
| Newhard, Steve Polifka, B. Ramer, T. | : | |
| Rossachacy, Ca. Sargent Troutman, | : | |
| A. Walter, and A. Wegryznowicz | : | |

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
PER CURIAM                                                    FILED: September 18, 2025


William Brandon Cummings (Cummings), *pro se*, appeals from the March 4, 2024 order of the Court of Common Pleas of Schuylkill County (trial court) that denied his petition for leave to proceed *in forma pauperis* (IFP), and dismissed his *pro se* complaint against Correction Officer Warford, C. Delbo, Correction Officer Feiling, CO, Griffiths, Correction Officer Johnson, J. Kimmel, Correction Officer Mantz, R. Motto, T. Najda, Mr. Director Newhard, Steve Polifka, B. Ramer, T. Rossachacy, Ca. Sargent Troutman., A. Walter, and A. Wegryznowicz (Appellees).

Cummings is currently an inmate at the State Correctional Institution at Phoenix serving a life sentence. On February 28, 2024, Cummings filed a complaint against Appellees and a petition for leave to proceed IFP. On March 4, 2024, the trial court denied Cummings' petition for IFP status and dismissed his complaint as

frivolous.[1] On April 24, 2024, Cummings appealed the trial court's order to this Court. Because Cummings' Notice of Appeal appears facially untimely,[2] this Court, by *per curiam* order dated March 3, 2025, directed the parties to address the timeliness issue in their principal briefs on the merits or in an appropriate motion.[3]

Initially, "[t]he timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." *Id.*

Pennsylvania Rule of Appellate Procedure (Rule) 903(a) provides: "Except as otherwise prescribed by this [R]ule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

"Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). Rule 121(f) specifies:

> **Date of filing for incarcerated persons**. -- A pro se filing submitted by a person incarcerated in a correctional facility

---

[1] On April 24, 2024, Cummings filed a motion for reconsideration, which the trial court denied on April 26, 2024. "A party's filing of a motion for reconsideration . . . does not stay the appeal period; the appeal period is only tolled where the trial court 'expressly grants' the request for reconsideration." *Oak Tree Condominium Association v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016).

[2] The original record does not include the envelope in which Cummings' appeal was sent, and, therefore, there is no postmark from which the filing date can be ascertained.

[3] Appellees filed a Notice of Non-Participation on April 29, 2025, indicating that they would "not participate in this appeal as the matter was dismissed by the [trial court] prior to service." Notice of Non-Participation at 1.

is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing **as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence**.

Pa.R.A.P. 121(f) (emphasis added). "In order to benefit from the [prisoner mailbox] rule, [a prisoner] bears the burden of proving that he timely deposited his . . . appeal in the prison mailbox." *Kittrell*, 88 A.3d at 1097.

In *Thomas v. Department of Corrections* (Pa. Cmwlth., No. 1543 C.D. 2019, filed January 7, 2022), 2022 WL 68242 (unreported),[4] in similar circumstances, we quashed as untimely a prisoner's appeal from an order of the common pleas court because he failed to present any evidence or argument that would establish that his appeal was timely filed. We explained:

> [The prisoner's] appeal was received and marked as filed by the trial court on October 25, 2019, which is more than 30 days after the trial court's September 16, 2019 Order. The original record does not include the envelope in which [the prisoner's] appeal was sent, and, therefore, there is no postmark from which the filing date can be ascertained. And, although this Court directed the parties to address the timeliness of the appeal, thereby providing [the prisoner] a chance to demonstrate why his appeal was filed within the mandatory 30-day period, [the prisoner] did not. Having failed to present any evidence that would establish that his appeal was timely filed or should be considered as having been timely filed, we are constrained to conclude that it was not timely filed and that the Court lacks jurisdiction to consider [the prisoner's] appeal. Accordingly, [the prisoner's] appeal is quashed as untimely.

---

[4] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

*Id.*, slip op. at \*3-4, 2022 WL 68242, at \*2. *See also Sitton v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 1327 C.D. 2024, filed July 7, 2024) 2025 WL 1862319, at \*3 (unreported) (when a prisoner does not produce any of the examples listed in *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997), or other "reasonably verifiable evidence" to establish a timely mailing, this Court has no choice but to quash the appeal for lack of jurisdiction); *Baker v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 766 C.D. 2018, filed March 18, 2019), 2019 WL 1261753 (unreported) (quashing appeal where there was no offer of proof or evidence revealing when the prisoner mailed his notice of appeal).

Here, the trial court's order underlying Cummings' appeal was docketed on March 4, 2024. Thus, Cummings had until April 3, 2024, to file his appeal. According to the Notice of Appeal's time stamp entry, the trial court received Cummings' Notice of Appeal on April 24, 2024, which was 21 days after the appeal period ended. Although ordered by this Court to address the timeliness of his appeal, Cummings merely stated in his brief: "[t]he appeal is timely." (Cummings' Br. at 2.)

Under the prisoner mailbox rule, the late receipt did not, in itself, render the appeal untimely, but the burden rested upon Cummings to provide evidence showing that he handed his appeal paperwork to prison personnel or mailed it himself prior to the deadline. Despite our express entreaty to do so, Cummings failed to provide us with any such evidence, such as a "cash slip" or an affidavit as to the date of mailing, or any explanation whatsoever to support that his appeal was timely. *See Jones*, (setting forth examples what may constitute sufficient evidence to satisfy a prisoner's burden to invoke prisoner mailbox rule).

We note that this case is not like *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008), wherein we remanded

4

to the trial court to make factual determinations on the timeliness of the prisoner's appeal based on his representations to this Court that although his appeal was postmarked Monday, June 25, 2007, he put his appeal in the prison mailbox on Friday, June 22, 2007 and, therefore, his appeal was filed in a timely manner in accordance with the "prisoner mailbox rule." The inmate also indicated that he could produce witnesses to verify that he put the appeal in the prison mailbox on that date. *Id.* Here, a remand is not warranted as Cummings has presented no evidence or offer of proof which, if accepted by the trial court as credible, could trigger application of the prisoner mailbox rule to the filing of his appeal. Therefore, there is no factual dispute for which a remand for an evidentiary hearing is necessary to resolve the issue.

Given the lack of substantive evidence regarding the date upon which Cummings sent his Notice of Appeal to the trial court, this Court may not accept Cummings' assertion without engaging in speculation or conjecture. For us to do so would improperly relieve him of his burden to prove timeliness. *Brown v. Greene County, Office of District Attorney*, 255 A.3d 673, 676 (Pa. Cmwlth. 2021) (prisoner's statement in brief that appeal "was timely filed" on a date was insufficient to show timeliness of appeal and compliance with prisoner mailbox rule). Consequently, Cummings has not met his "burden of proving that he timely deposited his . . . appeal in the prison mailbox." *Kittrell*, 88 A.3d at 1097. Accordingly, because Cummings' Notice of Appeal had to be filed by April 3, 2024, and the record evidence shows it was not filed until April 24, 2024, 21 days thereafter, this Court is without jurisdiction to hear the appeal. *Brown*.

For these reasons, Cummings' appeal is quashed for lack of jurisdiction.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Brandon Cummings, :
            Appellant :
             :
      v. : No. 527 C.D. 2024
             :
Correction Officer Warford, C. Delbo, :
Correction Officer Feiling, CO :
Griffiths, Correction Officer Johnson, :
J. Kimmel, Correction Officer Mantz, :
R. Motto, T. Najda, Mr. Director :
Newhard, Steve Polifka, B. Ramer, T. :
Rossachacy, Ca. Sargent Troutman, :
A. Walter, and A. Wegryznowicz :

## *PER CURIAM*

## *ORDER*

AND NOW, this 18th day of September, 2025, the appeal of William Brandon Cummings from the order of the Court of Common Pleas of Schuylkill County dated March 4, 2024, is QUASHED for lack of jurisdiction.