J-S09012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTTO PAXTON | : | |
| | : | |
| Appellant | : | No. 1710 EDA 2021 |

Appeal from the Order Entered July 21, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0000231-2012

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED MAY 25, 2022**

Otto Paxton appeals, *pro se*, from the order, entered in the Court of Common Pleas of Bucks County, denying his motion for *nunc pro tunc* reinstatement of his May 16, 2016 Post-Conviction Relief Act (PCRA)[1] petition.[2]  After careful review, we affirm.

A prior panel of this Court set forth the background of the case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The trial court correctly treated Paxton's motion as PCRA petition—here, his third.  **See Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016) (when defendant seeks relief from conviction or judgment of sentence, claims are subsumed within PCRA); **see also Commonwealth Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) ("any petition filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the PCRA").

[The Bucks County Violent Gang Task Force, a small collection of FBI agents, and local police officers specializing in drug and gun cases] began investigating [Paxton] and his brother William Paxton in June of 2011. [Officers used a confidential informant to conducted controlled drug buys at 2407 Bloomsdale Road, Bristol Township, Bucks County. Drivers' license checks indicated that Paxton and William resided at 2407 Bloomsdale Road.]

On July 12, 2011, police executed a search warrant at the [Paxton home]. When police arrived at the residence, William Paxton was on scene and was found to be in physical possession of a plastic bag filled with a mix of rice and [2.0 grams of crack] cocaine.

A black Cadillac[,] registered to [Paxton] was parked in [front] of the Paxton residence. The registration to that vehicle was found on the dining room table. The registration was valid from June of 2011 to April of 2012. Police also found a document addressed to [Paxton] at the Bloomsdale Road address regarding medical services he received in September of 2010.

The residence had three bedrooms. In a bedroom identified at trial as bedroom number one, police recovered two firearms[, ammunition, cash, cocaine, and marijuana.]

*    *    *

The evidence established that William Paxton utilized bedroom number one.

*    *    *

[Paxton utilized bedroom number two. Bedroom two] was locked when police arrived. After gaining entry by force[,] police found two handguns [in bedroom two]. A Jennings 9-millimeter semiautomatic handgun, loaded with nine rounds, was located on a chair [in the bedroom]. A Bryco Arms .380 semiautomatic handgun was found in a holster in a box near the bed. Neither handgun was registered. In a bag next to the bed, police found a box with loose ammunition. In the bottom drawer of a dresser, police discovered a sawed-off shotgun with the serial number obliterated. The shotgun was previously owned by [Paxton's] deceased father. A vest containing twenty-four (24) rounds of shotgun ammunition was found hanging in the closet. Inside another plastic bag, police found a box containing rifle and pistol ammunition.

\*   \*   \*

The door to the second bedroom was separately secured from the rest of the residence and was padlocked when police arrived. None of William Paxton's keys fit that lock. Photographs of [Paxton] and mail addressed to [Paxton] at the Bloomsdale Road address w[ere] found in the room. The mail was postmarked May and June of 2011 and January and February of 2010. A wallet on top of the dresser in the room contained [Paxton's] Pennsylvania driver's license indicating an address of 2407 Bloomsdale Road. The wallet also contained [Paxton's] social security card and an identification card that displayed [Paxton's] photograph and signature. Inside a second wallet found in the room, police found another Pennsylvania driver's license of [Paxton's] and an identification card from St. Mary's Medical Center with [Paxton's] name and photograph. Police also found [Paxton's] birth certificate in the room. In the bottom drawer of the dresser, next to the sawed-off shotgun, police found mail, all of which was addressed to [Paxton].

The third bedroom served as a storage room. Inside that room police found a pistol cleaning kit and mail addressed to [Paxton] at 2407 Bloomsdale Road[,] which included a box of checks. Inside the closet of that room, police found two cigar boxes filled with ammunition, a digital scale with white residue, latex gloves, and three razor blades wrapped inside of a napkin, all with white residue on them. The white material on the scale and razor blades was tested and was identified as being cocaine[-]based residue.

On July 13, 2011, the day after the execution of the search warrant, police arrived at 2407 Bloomsdale Road and observed [Paxton] removing items from the home.

At trial[, Paxton] claimed to be living elsewhere but admitted that he went to the Bloomsdale Road residence at least two times per week. He admitted that the bedroom identified as bedroom number two was, at one time, his bedroom. [Paxton] also admitted that he knew that there were guns in his room. [Paxton] denied knowing about the presence of the sawed-off shotgun in the dresser[,] claiming that he never used the dresser in his bedroom. When asked to explain the presence of his mail in the same drawer as the shotgun, [Paxton] claimed that someone else put his mail there without his knowledge.

***Commonwealth v. Paxton***, 144 A.3d 186, *1-*5 (Pa. Super. 2016) (unpublished memorandum decision), citing Trial Court Opinion, 6/06/13, 1-5 (record citations and footnote omitted).[3]

Paxton was charged with possession of firearm prohibited,[4] possession with intent to deliver a controlled substance (PWID),[5] conspiracy-PWID,[6] possession of firearm with manufacturer number altered,[7] prohibited offensive weapon,[8] possession of drug paraphernalia,[9] and, conspiracy-possession of drug paraphernalia. Following a three-day jury trial in April 2012, Paxton was convicted of possession of firearm with manufacturer number altered, possession of a prohibited offensive weapon, and possession of drug paraphernalia.[10] He proceeded to a waiver trial and was subsequently found guilty of possession of firearm prohibited. After obtaining a pre-sentence investigation report (PSI), the court sentenced Paxton to an aggregate

---

[3] Paxton and William Paxton, were jointly tried together.

[4] 18 Pa.C.S. § 6105(a)(1).

[5] 35 P.S. § 780-113(a)(30).

[6] 18 Pa.C.S. § 903.

[7] ***Id.*** at § 6110.2(a).

[8] ***Id.*** at § 908(a).

[9] 35 P.S. § 780-113(a)(32).

[10] 18 Pa.C.S. § 903(c).

sentence of 12½ to 25 years' imprisonment. Paxton filed a timely motion to reconsider his sentence, which was denied by operation of law. ***See*** Pa.R.Crim.P. 720.

On March 27, 2013, Paxton filed a notice of appeal; he was granted leave to proceed *in forma pauperis* (IFP). When counsel failed to file an appellate brief, our Court dismissed his appeal. On July 7, 2014, Paxton filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On December 15, 2014, PCRA counsel and the Commonwealth entered an order stipulating to the reinstatement of Paxton's direct appeal rights *nunc pro tunc.* Paxton filed a *nunc pro tunc* notice of appeal on January 12, 2015. Our Court affirmed Paxton's judgment of sentence on March 2, 2016. ***Commonwealth v. Paxton***, 144 A.3d 186 (Pa. Super. 2016) (Table). Paxton did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On May 16, 2016, Paxton filed a timely *pro se* PCRA petition raising claims of trial counsel's ineffectiveness for failing to file a motion to suppress the search warrant of the Bloomsdale residence for lack of probable cause and for requesting a PSI over Paxton's objection that the information contained therein would be damaging due to his previous incarceration. Counsel was appointed to represent Paxton, who filed a motion to unseal the search warrant. Counsel subsequently filed an amended PCRA petition raising claims of ineffectiveness. On October 25, 2017, counsel filed a second amended petition raising the same claims in the first amended petition, and adding a

general claim that the search warrant lacked probable cause. On January 12, 2018, the court appointed new counsel for Paxton who reviewed the amended petitions and, ultimately, filed a **Turner**/**Finley**[11] "no-merit" letter seeking to withdraw from representing Paxton. On October 5, 2018, the trial court granted counsel's motion to withdraw and issued Pa.R.Crim.P. 907 notice of its intent to dismiss Paxton's petition without a hearing. Paxton filed a *pro se* response to the Rule 907 notice. On November 5, 2018, the court denied Paxton's petition. Paxton filed an appeal and our Court affirmed the dismissal of Paxton's petition. **See Commonwealth v. Paxton**, 222 A.3d 834 (Pa. Super. filed Oct. 16, 2019) (unpublished memorandum decision concluding PCRA court correctly determined counsel not ineffective for failing to file motion to suppress search of residence or for requesting PSI).

On November 25, 2019, Paxton filed a *pro se* petition for *habeas corpus* relief, which the court treated as a second PCRA petition. After the court issued its Rule 907 notice, Paxton filed a *pro se* response. On April 24, 2021, the court dismissed the petition as time-barred.

On July 9, 2021, Paxton filed a *pro se* motion for *nunc pro tunc* reinstatement of his PCRA petition filed on May 16, 2016, which the court considered to be a third, untimely PCRA petition. On July 21, 2021, the PCRA

---

[11] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

- 6 -

court denied Paxton's motion. Paxton filed a timely[12] notice of appeal raising the following issues for our consideration: "Whether a court may reconsider a final order when the order was procured by fraud." Appellant's Brief, at 3.

Paxton argues that the trial court improperly dismissed his May 2016 PCRA petition and, therefore, erred in denying his request to reconsider its decision and reinstate his petition *nunc pro tunc*, where it retained jurisdiction to reconsider the decision under 42 Pa.C.S.A. § 5505. Specifically, he asserts that appointed PCRA counsel procured false testimony and committed fraud and that this false testimony was the sole basis for the PCRA court's dismissal of his petition. Paxton's claim warrants no relief.

_____

[12] Typically, a notice of appeal must be filed within 30 days of the date of entry of the order from which the appeal is taken. **See** Pa.R.A.P. 903. Instantly, the order denying Paxton's motion for *nunc pro tunc* reinstatement of his May 2016 PCRA petition was filed on July 21, 2021. Thus, Paxton had to file his notice of appeal by August 20, 2021. The record reveals that the trial court received Paxton's notice of appeal on August 23, 2021. In response to our Court's October 25, 2021 rule to show cause why his appeal should not be quashed as untimely, Paxton alleged that the notice of appeal was postmarked August 20, 2021. A review of the certified record reveals that the envelope containing Paxton's notice of appeal does, in fact, contain a postmark of August 20, 2021. Therefore, we concluded that he has timely filed his notice of appeal. **See Commonwealth v. Jones**, 700 A.2d 423, 425-26 (Pa. 1997) ("Under the prisoner mailbox rule, a prisoner's *pro se* [notice of] appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox."); **see also Sweesy v. Pa. Bd. of Prob. & Parole**, 955 A.2d 501, 503 (Pa. Cmwlth. 2008) (holding court needs "reasonably verifiable evidence" of the date an inmate deposits his or her notice of appeal, including, but not limited to, "certificates of mailing, cash slips [given by prison authorities that note the deduction from an inmate's account for the mailing to the prothonotary and the date of the mailing], affidavits, and [internal] prison operating procedures." **Id.** at 503.

"On appeal from the denial of relief under the [PCRA], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Martin***, 5 A.3d 177, 182 (Pa. 2010). Moreover,

> [a] petition filed under the [PCRA], including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3). The PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the PCRA permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

***Commonwealth v. Robinson***, 139 A.3d 178,185 (Pa. 2016).

Instantly, Paxton's current petition, seeking reinstatement of his earlier PCRA petition, was untimely filed. Paxton's judgment of sentence became final, for purposes of the PCRA, on April 1, 2016, when the time expired for him to file a petition for allowance of appeal with the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 1113. Thus, Paxton had until April 1, 2017, to file a timely petition under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(3). Paxton's current petition was filed on July 9, 2021, over four years later. Thus, is it patently untimely.

Moreover, Paxton's attempt to overcome the time bar by citing to 42 Pa.C.S.A. § 5505 is of no avail. Paxton's claim falls under the PCRA[13] and, thus, he is required to prove the applicability of one of the three exceptions to the time bar in order to obtain PCRA relief for his facially untimely petition. ***See*** 42 Pa.C.S.A.§§ 9545(b)(1)(i-iii). Because Paxton neither alleges nor proves one of the three exceptions, the PCRA court had no jurisdiction to consider his motion, properly treated as a PCRA petition. ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2022

---

[13] ***See supra*** at n.2.